In re W. A. PATERSON CO.

(Circuit Court of Appeals, Eighth Circuit. April 20, 1911.)

No. 107, Original.

*(Syllabus by the Court.)*

1. SALES (§ 296*)—STOPPAGE IN TRANSITU—RIGHT OF CEASES WHEN TRANSIT BETWEEN VENDOR AND VENDEE ENDS.

A vendor has no right of stoppage in transitu after his vendee, to whom he has invoiced and billed his goods, has surrendered the bill of lading to the railroad company at the destination named therein, has rebilled them to his vendee at another place, and they have gone on to that destination.

It is only while goods are in transit between the vendor and his purchaser that the right of stoppage in transitu exists in the former.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 837–847; Dec. Dig. § 296.*]

2. BANKRUPTCY (§ 342*)—COURT—JURISDICTION SUMMARILY TO EXPUNGE CLAIM ON ACCOUNT OF CLAIMANT'S CONVERSION OF BANKRUPT'S PROPERTY.

A court of bankruptcy has jurisdiction by a summary proceeding to diminish or expunge an allowed claim, unless the claimant pays to the trustee the value of the property of the bankrupt which he has taken and converted to his own use, without any prior claim to it, after the petition in bankruptcy was filed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 342.*]

In the matter of the estate of William C. Manley, bankrupt. Petition by the W. A. Paterson Company to revise an order affirming an order of the referee expunging petitioner's claim. Petition dismissed.

R. P. & C. B. Williams, for petitioner.

Clarence T. Case, for trustee.

Before SANBORN and ADAMS, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. This case is presented by a petition to revise an order of the District Judge, which affirmed an order of the referee that the claim of W. A. Paterson Company, a corporation, for $17,017.45, which had been allowed, be expunged unless the Paterson Company should pay to the trustee $1,004.45, the adjudged value of certain vehicles of William C. Manley, the bankrupt, which the company had seized and converted to its own use after the Paterson Company and others had filed a petition in bankruptcy against Manley upon which he was subsequently adjudged a bankrupt. The Paterson Company was a manufacturer of vehicles at Flint, Mich. Manley was engaged in selling vehicles at St. Louis, Mo. Elder & Wood, who were engaged in a like business at Mammoth Springs, Ark., ordered a car load of vehicles from Manley in September, 1908. Manley thereupon ordered these vehicles from the Paterson Company, and directed it to ship them to Elder & Wood at Mammoth Springs, Ark. Afterwards, on September 17, 1908, Manley directed the Paterson Company to ship these vehicles to him at St. Louis, Mo. On October 3, 1908,

the Paterson Company shipped the vehicles from Flint, Mich., by rail to Manley at St. Louis. The company procured a bill of lading, in which it was named as consignor and Manley's company at St. Louis as consignee. Tags had been placed on the vehicles by the Paterson Company, bearing the name of the bankrupt and the words "Elder & Wood, Mammoth Springs, Arkansas," and these tags had been previously furnished by Manley to the Paterson Company. The Paterson Company sent this bill of lading to Manley, together with an invoice of the goods which indicated that they were sold to him for $1,018.75. On the arrival of the vehicles at St. Louis on October 7, 1908, Manley sent his clerk to the office of the St. Louis & San Francisco Railroad Company at St. Louis and he, by direction of Manley, surrendered the bill of lading to the railroad company, which issued, by direction of Manley, a bill of lading wherein Manley was named as consignor and Elder & Wood, Mammoth Springs, Ark., as consignees. Under this bill of lading the goods were forwarded to Mammoth Springs, and Manley sent an invoice of the vehicles to Elder & Wood, which indicated that they were sold by Manley to them for $1,304.25.

On October 10, 1908, Manley made a general assignment for the benefit of his creditors. On October 13, 1908, the Paterson Company and other creditors of Manley filed an involuntary petition in bankruptcy against him upon which he was subsequently adjudged a bankrupt. On the same day the Paterson Company telegraphed from Flint, Mich., to the agent of the St. Louis & San Francisco Railroad Company at Detroit, Mich., to hold the car of vehicles for it, and at some time after October 14, 1908, the railroad company returned the vehicles to that company. The Paterson Company filed a claim against the bankrupt for $17,017.45 for the purchase price of the vehicles which it had sold to Manley prior to the transaction which has been detailed, and this claim was allowed. Thereafter a motion was made by the trustee to expunge this claim, unless the Paterson Company would pay back to the trustee the value of this car load of vehicles, which it obtained after the petition in bankruptcy was filed. The referee and the court below were of the opinion that this motion should be granted. Counsel for the Paterson Company insist that their view of the law was erroneous: (1) Because the Paterson Company had the right of stoppage in transitu on October 13, 1908, when it gave the railroad company, which was in possession of the goods at Mammoth Springs, notice of their recall; (2) because the purchase of the goods by Manley was made with the intent never to pay for them; and (3) because the court below was without jurisdiction summarily to hear the motion to expunge the claim, on the ground that the Paterson Company had taken the vehicles without right after the filing of the petition in bankruptcy.

[1] But the right of stoppage in transitu ceases when the transit between the vendor and purchaser ends. The Paterson Company sold the vehicles to Manley. It sent to Manley the bill of lading which named him as consignee, and thereby gave him dominion and control over the goods, and it invoiced them to him as the purchaser. It never

sold the goods to Elder & Wood, and was not in any way in privity with them. Therefore, when Manley's clerk by his direction surrendered the bill of lading to the St. Louis & San Francisco Railroad Company at St. Louis, the destination named in the bill, and reshipped and rebilled them to Manley's purchaser, Elder & Wood, the transit between the Paterson Company and its vendee, Manley, ended and the right of stoppage in transitu ceased. Neimeyer Lumber Co. v. Burlington & M. R. R. Co., 54 Neb. 321, 341, 342, 74 N. W. 670, 40 L. R. A. 534; Eaton v. Cook, 32 Vt. 59, 61; Rowley v. Bigelow, 12 Pick. (Mass.) 307, 313, 314, 23 Am. Dec. 607; Memphis & L. R. R. Co. v. Freed, 38 Ark. 614, 622; Treadwell v. Aydlett, 9 Heisk. (Tenn.) 388.

Whether or not Manley intended to pay for the vehicles when he bought them of the Paterson Company is a question of fact, and the evidence upon this issue is not presented by the petition to revise. The referee has reported a summary of the evidence; but both he and the court below have failed to find that Manley intended not to pay for the vehicles when he bought them, and there was no evidence of any fraudulent misrepresentation of his financial standing, or of any other facts to induce the Paterson Company to make the sale. Under these circumstances, we cannot find that the sale was fraudulent or voidable.

[2] The District Court sitting in bankruptcy has jurisdiction to "reconsider allowed or disallowed claims and allow or disallow them against the bankrupt estates." 30 Stat. 545, 560, c. 541, §§ 2 (2), 57k (U. S. Comp. St. 1901, pp. 3420, 3444); General Orders in Bankruptcy XXI, 6 (89 Fed. x, 32 C. C. A. xxiii). Under these provisions of the bankruptcy law the court below had ample jurisdiction to reconsider the allowed claim of the Paterson Company, and to diminish or expunge it, unless the company paid back to the trustee the value of the vehicles which it had seized and converted without right. Neither the referee nor the court below made any affirmative order or rendered any affirmative decree or judgment for the payment of any damages or any amount on account of the taking of this property. The order assailed is limited to the diminishing or expunging of the claim unless the moneys due the estate on account of the seizure of the vehicles by the Paterson Company is paid. That order is justified by the bankruptcy law and by the facts of the case, and the petition to revise must be dismissed.

It is so ordered.