### In re JONES.

### TEXAS CO. v. HAYNIE.

(Circuit Court of Appeals, Fifth Circuit. November 24, 1923. Rehearing Denied December 24, 1923.)

### Nos. 4139, 4177.

1. **Bankruptcy ⏿440—Order denying priority, but allowing claim as unsecured, reviewable by appeal.**

    An order denying priority or a lien, and allowing the claim as an unsecured claim, is reviewable by appeal, under Bankruptcy Act, § 25a (3), being Comp. St. § 9609.

2. **Bankruptcy ⏿310—A claimant held estopped to assert a lien.**

    Claimant, holding an assignment from bankrupt of a part of a sum due him on account, filed its claim as an unsecured creditor. Afterward the trustee negotiated a settlement with bankrupt's debtor and notified all creditors, requiring any claiming liens on the proceeds to present their claims before the settlement was ratified by the referee. Claimant did not disclose its assignment, and the settlement was ratified in ignorance of it. *Held*, that claimant was estopped to thereafter assert a lien on the fund.

Petition to Superintend and Revise and Appeal from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

---

⏿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of R. H. Jones, bankrupt; R. W. Haynie, trustee. On petition to revise and appeal from an order of the District Court by the Texas Company. Petition to revise dismissed, and order affirmed on appeal.

Yates A. Land, of Ft. Worth, Tex. (F. T. Baldwin, of Houston, Tex., on the brief), for petitioner and appellant.

John W. Turner, of Eastland, Tex., for respondent and appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. [1] These two cases arise out of one and the same transaction. The former brings the matter here through the medium of a petition to superintend and revise under section 24b of the Bankruptcy Act (Comp. St. § 9608), and the latter by the medium of an appeal under section 25a, subdivision 3, of the Bankruptcy Act (Comp. St. § 9609). The question presented by each is the correctness of the order of the District Court in allowing appellant's and petitioner's claim as an unsecured claim, but denying it priority and a lien on certain funds of the bankrupt estate, as an incident to the allowance of the claim. We think the remedy by appeal under section 25a, subd. 3, is held to be the appropriate remedy by the Supreme Court in the case of Coder v. Arts, 213 U. S. 223, 236, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008. The petition is therefore dismissed at the cost of the petitioner.

[2] Considering the appeal, the appellant's claim against the bankrupt arose out of a claim for gas furnished the bankrupt, who was a well driller employed under contract by one Dean, who was receiver for the Hercules Oil Company. There was no dispute about the correctness of the account. The dispute arose out of a claim for priority of payment made by the appellant, from an amount due the trustee in bankruptcy of Jones from Dean, as receiver of the Hercules Oil Company, under an assignment which the appellant had received from Jones of a part of the fund, and which the receiver had accepted before the bankruptcy of Jones had occurred. The trustee attacked the assignment upon a number of grounds, among others, because the appellant had waived its lien, if it had any, by failing to promptly assert it, and particularly by failing to assert it until after the trustee had made a settlement of the claim of the bankrupt estate against the receiver of the Hercules Oil Company, in ignorance that the appellant had any prior claim or lien on the indebtedness, and was therefore estopped to further assert it. Our conclusion makes it unnecessary to consider any question, except that of waiver or estoppel.

The facts which are pertinent to the waiver or estoppel are these: After the filing of the petition, the adjudication of Jones and the appointment of appellee as trustee, the trustee, in course of administering the estate, made a settlement of the claim of the estate against the receiver of the Hercules Oil Company, and on June 2, 1921, caused to be issued a notice to the creditors of the estate of a hearing to be held on June 14, 1921, for the purpose of ratifying the proposed settlement. The evidence shows that a representative of appellant was serv-

294 F.—53

ed with a copy of this notice, and tends to show that it was represented at the hearing. No objection was made at the hearing by appellant to the proposed settlement, nor did it assert any lien or priority then or until after the settlement was consummated on June 30, 1921. Its claim to a lien or priority with reference to the amount due the bankrupt from the receiver was first filed in January, 1922, more than 12 months from the date of the adjudication. The trustee testified that he was then first informed of it. Appellant had filed its claim on July 13, 1921, as an unsecured claim for $5,359.50. Thereafter it asked leave to amend its claim as thus originally filed, so as to claim a lien to the extent of $4,453.50, upon the amount received by the trustee from the receiver in the settlement.

The referee allowed appellant to amend its claim, but upon the hearing denied it priority or a lien, among other grounds, because the referee held it was estopped from asserting priority or lien by failure to assert it before the trustee compromised with the receiver. The trustee settled the claim, which was for $60,000, for $5,555.63 in money and certain property, from the sale of which the estate realized $3,800. The contention of the trustee is that, in making the settlement with the receiver on that basis, he was induced to do so by his ignorance that appellant's claim included any claim for lien or priority on the amount due from the receiver to the bankrupt estate. The order of the referee disallowing the lien and priority was taken to the District Judge for review, and he affirmed the decision of the referee, and his order is the one appealed from.

The question of estoppel depends upon whether (1) the appellant negligently delayed the assertion of its claim for priority; and (2) whether the trustee was influenced to his detriment by the neglect. Appellant may have been under no duty to assert its lien until it was served with notice of the hearing of June 14, 1921. The language in which that notice was couched was sufficient to charge appellant with notice that the trustee was claiming the entire amount due from the receiver, and not merely the residue after deduction of the amount of appellant's assignment. It recites that the trustee had agreed upon an adjustment of the claim of Jones against the receiver, by the terms of which he was to receive certain considerations "in settlement of the claim of the said R. H. Jones against the Hercules Oil Company and Receiver E. G. Dean." It then calls upon certain named persons, having claims against the proceeds of the settlement, to file their claims thereto before the referee, showing what interest they had in the proceeds of the settlement, transferred by the receiver to the trustee, and that all matters in connection therewith would be heard at the time and place indicated in the notice. If the notice did no more than call on unsecured creditors of the bankrupt to state their satisfaction or dissatisfaction with the terms of the settlement, the appellant's contention that it furnished no notice that the trustee was claiming any part of the amount due Jones, which Jones had assigned to appellant, and that appellant, when summoned as an unsecured creditor for that purpose only, was not called upon to disclose to the referee that it was claiming a lien on the fund, might be plausible.

The language of the notice goes further. It states in unambiguous terms that the trustee had settled "the claim of the said R. H. Jones against the Hercules Oil Company and Receiver E. G. Dean." This means the entire amount due Jones from the receiver, and not the surplus over and above the amount assigned appellant. If the only purpose of the hearing was to elicit the views of unsecured creditors as to the wisdom of the compromise, there would have been no reason for summoning persons having claims on the proceeds of the settlement to attend the hearing and assert their prior claims. The purpose of this could only have been to inform the referee of what outstanding preferred or lien claims existed against the fund, before the compromise was ratified and consummated. The appellant, upon receiving the notice, was charged with knowledge of its terms, and so with knowledge that it was a call to those having liens on the proceeds of the settlement to assert their claims. It is true the appellant was not named as one of that class, because the referee was unaware of its assignment. Appellant knew that it claimed to be a lien creditor, and should have informed the referee of its lien, though not summoned by name to do so, and in time to have put before the referee this information before the settlement was ratified and executed. Having remained silent, after receiving such notice, and having failed to assert its lien then, it will not be permitted to do so now, if as a result of such failure and delay the trustee has been injured in the making of the settlement with the receiver.

That ignorance of appellant's claim may very likely have induced the trustee to recommend the settlement, and to carry it out, is manifest. The endeavor of the trustee to learn the extent of outstanding prior claims upon the proceeds before consummating the settlement is disclosed by the terms of the notice. The trustee agreed to release a $60,000 claim for approximately $9,000. The fact that there was an outstanding prior claim against the $9,000 of approximately one-half of it would have been an important factor in determining the wisdom of the settlement, for it would have taken from the unsecured creditors one-half of the fund, and the trustee was the representative of their interest in making the settlement. The return in dividends to the unsecured creditors, after allowing the prior claim, might well have been so small as to justify the trustee in pursuing the claim in its entirety, rather than to have made the settlement. Knowledge of appellant's claim was a material fact upon the question of the propriety of settling, and the trustee was deprived of this knowledge through the unwarranted silence of appellant, when it was called upon to assert its claim. Deprivation of this knowledge in advance of the settlement worked a legal injury to the trustee. Negligence of appellant in failing to promptly assert its claim after receipt of notice, and resulting injury to the trustee, are the elements that constitute an estoppel. We think the District Judge rightly disallowed the claim of lien asserted by appellant against the proceeds of the settlement, and limited its claim to that of an unsecured creditor, as originally filed by it.

These conclusions result in the dismissal of No. 4177 at the cost of petitioner, and the affirmance of the order of the District Court appealed from in No. 4139; and it is so ordered.