## In re FINE.

### (District Court, D. Connecticut. March 13, 1924.)

### No. 5112.

**1. Bankruptcy ⬥⬥341—Claim may be allowed by court.**

The filing of a duly verified claim is prima facie proof of the claim, and where no objection is made to its allowance, it may be allowed by the court after the service of notice to show cause on the trustee, though no action thereon has been taken by the referee.

**2. Bankruptcy ⬥⬥342—Petition to vacate order allowing claim may be filed only by trustee.**

A petition to reconsider a claim or to vacate an order for its allowance may be prosecuted only by the trustee.

In Bankruptcy. In the matter of John Fine, bankrupt. On motion of the Merchants' National Bank to vacate order. Denied.

Alling Webb & Morehouse, of New Haven, Conn., for petitioner. Harry Mesard, of New York City, for creditor.

THOMAS, District Judge. After a show cause order had been duly served on the trustee, and hearing had, this court, on November 30, 1923, ordered that the claim of Philip Berkman be filed with the referee in the sum of $17,228, and that the trustee be directed to pay the accrued dividends on said claim. The matter is now before the court on the petitioner's motion to vacate that order.

It is to be particularly noted that this motion is filed by a general creditor, and not by the trustee, or his attorney. The petition alleges, inter alia, that the allowance of Berkman's claim will materially prejudice the petitioner in the amount of the dividend it will receive; that the claim of Berkman has never been fully heard because the bankrupt failed to appear before the referee regarding the facts surrounding the claim; that the claim is not listed in the schedules filed by the bankrupt; and finally that the bankrupt did, on December 6, 1923, testify before the referee that the claim as filed is not a correct statement of any indebtedness of the bankrupt to the claimant or his assignor.

The petition upon which the order of November 30, 1923, was founded alleges, and the evidence shows, that the claim was originally filed in the bankruptcy court on January 31, 1923, and during that month an order was served on the trustee to show cause why the dividends should not be paid on that claim. The matter, after a hearing, was referred by this court to the referee. The record further shows that between February 16, 1923, and October 23, 1923, 13 letters passed between counsel for the claimant and the referee or trustee, from which it is clearly apparent that every effort was made by the claimant that could possibly be made to produce his witness before the referee for examination and to offer his testimony in support of his claim. Appointments and assignments made for such hearing were no sooner made than they were canceled, entailing unnecessary trouble and inconvenience upon counsel for the claimant. The record shows that the claimant was always diligent, willing and anxious to have the hearing

in order that he might produce his evidence before the referee in support of his claim. Finally, it appears, that on April 19, 1923, the claimant and his assignor testified before the referee as to the facts regarding his claim. Thereafter the claimant waited for the referee to act on the claim and up to November 23, 1923, the date the petition was filed on which the order of November 30, 1923, was based, no action had been taken. Upon the showing made by the record, the order directing the allowance of the claim and the payment of the dividend was entered.

It is impossible to conceive of a record which would more clearly entitle the claimant to the order which was entered and which this petition now seeks to vacate. On the one hand we find the claimant in the exercise of due diligence, and substantial laches appearing on the other hand, and if the decision rested upon the application of equitable principles the discussion would end right here, because it has never yet been advanced as a proposition of equity that laches shall be rewarded and due diligence punished. In fairness to the referee it should be said that the record shows that the laches were due to his inability to have the bankrupt before him to testify, but it should also be noted that this was something for which the claimant was not in the least responsible, nor does it take away the fact that he was at all times persisting in his right to be heard, and was always in the exercise of diligence respecting his right to have his claim passed on by the referee. But the decision to be here made may well be rested upon other grounds, which find not only ample, but conclusive support in the adjudicated cases of the highest courts, which we will presently consider.

The claimant resists the present petition, and contends that it should be denied, on three grounds: (1) Because the motion for reconsideration of the allowance of a claim must be made by the trustee, and not by a general creditor; (2) because no appeal was taken from the order of November 30, 1923, within the 10 days allowed by law, and the present petition seeks to extend by indirection the 10-day period allowed for such appeals; and (3) because nothing has been produced to warrant a reconsideration of the claim.

[1] The petitioner argues that this claim has never been allowed by the referee, and that the order directs payment of dividends by the trustee upon a claim which has never been proved. In advancing these claims the petitioner completely ignores the fact that the order to show cause why the order should not be entered was duly served upon the trustee to appear before the court on the return day and advance reasons why the order should not be entered, and that no reasons were advanced, in consequence of which the order was entered. The petitioner further contends that the reasons advanced by the claimant for a denial of the petition are not only technical, but inequitable. To agree with that contention requires that we overlook the decisions rendered in the adjudicated cases upon the precise question here in debate.

Section 57 of the Bankruptcy Act (Comp. St. § 9641) regulates the proof and allowance of claims, but no particular section or General Orders thereunder directly provides by whom the petition should be

made. The petitioner claims that General Order XII should govern. The pertinent part of that order provides:

"And thereafter all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee."

The inference to be drawn from this claim of the petitioner is, I assume, that the referee only may pass upon the allowance or disallowance of a claim. Of course, reference of a petition in bankruptcy is made to the referee and all matters in general pertaining to the bankrupt's affairs are to be first determined by the referee. But the record shows that this claim was never disallowed or rejected by the referee. It is elementary that the filing of a duly verified claim is prima facie proof of the claim. Any claim so filed is permitted to vote for a trustee and enjoy all the rights of a bona fide creditor of the estate. The burden is thereafter upon the trustee, if one has been elected, to file exceptions to the claim, and to object to its allowance, or move to expunge it, or move that it be disallowed. Prior to the election of a trustee, and to determine its voting power, any creditor may attack the validity of any claim, and when necessary the dispute may be decided by the referee before the election of the trustee.

It does not appear here that the trustee has declined to oppose the allowance of the claim, or that he has refused so to do. It does, however, clearly appear that he has been apprised of the situation, and, whatever his reasons may have been, and I must assume that they were proper ones, he did not oppose the allowance of the claim. The record shows that special counsel to the trustee was designated by the referee to appear in opposition to the order to show cause of January, 1923, and that he did in fact appear before this court in compliance with the referee's order, and that no disallowance of the claim was suggested. In short, the claimant has patiently offered to co-operate in presenting all witnesses to be heard by the referee. The other creditors have long since received 10 per cent. as a dividend. The equities of the case are all in favor of this claimant, who, through no fault of his own, has been unable to receive his dividend. Ample opportunity has been given the trustee to oppose the allowance of the claim, in view of the proper service of papers upon him, and, indeed, to the referee to disallow the claim, had he considered that the evidence justified it. It is inequitable to expect or require a claimant to wait longer than six months to have testimony presented in opposition to his claim.

[2] We now come to consider the adjudicated cases respecting the question of who is the proper party to seek a reconsideration of a claim on a petition to vacate the order allowing it. The question is so thoroughly and so ably considered in the Matter of Lewensohn, 121 Fed. 538, 57 C. C. A. 600, by the Circuit Court of Appeals of this circuit, that the law may be considered settled, and the wonder is that there could be found any one who claims otherwise, or that the case at bar is not absolutely dominated by the decision in the Lewensohn Case. In this connection Judge Wallace, writing the opinion of the court, said:

"The petition of review presents a question of practice of considerable importance. The order of the court below has sanctioned a proceeding by one

of the creditors of the bankrupt, instituted without the concurrence of the trustee, to re-examine the claims of various other creditors which have been proved and allowed. Such a practice, when the estate and the interests of all the creditors are represented by a trustee, does not subserve any necessary purpose, and opens the door to grave abuse. It enables one creditor at his own pleasure to subject any one of the other creditors, or all the other creditors, to the inconvenience and expense of unnecessary litigation, and to unduly protract the settlement of the estate. It is not allowed, in terms, by any provision of the Bankruptcy Act.".

The decision to be here made must necessarily respect the reasoning so pertinently and clearly expressed by Judge Wallace. The court there held in no uncertain language that the trustee is the representative of every creditor and has the duty of opposing any improper or unjust claim. He is the selection made by a majority of the creditors in number and amount, and therefore he represents all the creditors. He is further obligated by his oath and his bond as an officer of the court, and Judge Wallace pointed out on page 539 (57 C. C. A. 601) that "if the trustee should, without sufficient reason, refuse to proceed, the court, by its order, could compel him to do so, or remove him for disobedience."

In Chatfield v. O'Dwyer, 101 Fed. 797, 42 C. C. A. 30, the Circuit Court of Appeals for the Eighth Circuit laid down the rule that an appeal from an order of the District Court allowing a claim presented by a creditor against the estate of a bankrupt, and which was objected to and contested by another creditor, cannot be taken by such objecting creditor, but only by the trustee in bankruptcy, as the representative of all the creditors. Convincing reasons are given by Judge Thayer why such a rule should be applied and enforced. He said, on page 799 (42 C. C. A. 32):

"If one creditor of a bankrupt may prosecute an appeal * * * from the allowance of a claim, then any other creditor may take a like appeal upon the same or different grounds, and this court may be required to entertain a number of appeals, all of which are brought to test the validity of the same demand."

To merely state the proposition is to demonstrate its impracticability, and what is said of appeals applies with equal force to a petition to reconsider the allowance of the claim. As was held by Judge Wallace in the Lewensohn Case, where he said, on page 539 (57 C. C. A. 601), referring to the Chatfield Case:

"There is such a close analogy between the two proceedings of a re-examination and a review that these decisions are apposite."

The same rule is found stated in Re Knox Automobile Co. (D. C.) 229 Fed. 241, where Judge Morton said (page 247):

"The practice followed of recognizing individual creditors in such matters, after the appointment and qualification of the trustee, is improper and objectionable, for the reasons stated in Re Lewensohn."

The petitioner cites and relies upon In re Mexico Hardware Co. (D. C.) 197 Fed. 650, in support of its contention. It certainly would require a strained construction of the import of the language employed in that opinion to sustain the petitioner's position. The court there denied the petition to review, without prejudice, after the trustee should

be heard as to whether in the interest of the estate, the proceedings should be prosecuted. The court infers a probable hostile attitude on the trustee's part, but even then, conceding the hostile attitude, the court said:

"The remedy of these creditors was by a motion to the court to require the trustee to seek a reconsideration or review of the allowed claim."

The petition contained an allegation that the trustee neglected, failed, and refused to make objection or to save exceptions. The learned judge said, on page 655 as clearly as words can express it, and after approving the Lewensohn Case:

"It follows from the above that a prosecution by general creditors of the proceeding here involved is unauthorized by anything contained in the bankruptcy act."

Finding, as I must, that the petition is here by the petition of the wrong party, and that the equities disclosed by the facts of record are so clearly in favor of the claimant, it follows that the petition to vacate the order of November 30, 1923, is denied, for the reasons set forth in the first and third points urged by the claimant. In view of this it is unnecessary to discuss the second point raised.

Decree accordingly.