Allen, J.
 

 Since the bill of lading consigned the goods to a specified person, it was a straight bill. Title 49, Section 82, U. S. Code. If the contract between the consignor and the carrier had been represented by the straight bill only, without subsequent modification, delivery of the shipment by the carrier without surrender of the bill of lading would not have been wrongful. However, the request to reconsign the shipment, ordered that the present bill be changed to read, “Denney & Co. Cinti., Ohio Advise M. Degaro
 
 &
 
 Sons Route via IC B4. NOTE ON WAYBILL Permit inspection before unloading without bill of lading. Deliver without bill of lading on consignor’s written order.” Had this instruction to advise M. Degaro
 
 &
 
 Sons been carried on the bill itself, the bill of lading would have had to be surrendered to the carrier before it was absolved from responsibility to the consignor. 4 Elliott on Railroads, Section 1427, page 64; Elliott on Bailments, under Carriers, page 166;
 
 Furman
 
 v.
 
 Union Pacific Railroad Co.,
 
 106 N. Y., 579.
 

 However, in this request for reconsignment the
 
 *186
 
 same result was obtained, for the note on the waybill shows plainly that the carrier agreed to deliver the goods without a bill of lading only on written order from the consignor. Under the circumstances of the present record the carrier was not released from the obligation of securing a written order from the consignor before delivery.
 

 The dates in this case are significant. Upon March 13, 1927, the shipment arrived in Cincinnati, consigned to Denney & Company.
 

 Upon March 14, 1927, the M. Degaro Company was notified of the arrival of the shipment. It does not appear from the record what, if any, action was taken by the M. Degaro Company with reference thereto until March 17, 1927.
 

 Upon March 16,1927, the carrier received instructions from the seller to withhold delivery of the shipment.
 

 Upon March 17, 1927, the M. Degaro Company paid the purchaser’s draft and took up the delivery order.
 

 Upon March 18, 1927, the M. Degaro Company paid the freight charges.
 

 The M. Degaro Company did not present the written delivery order to the carrier until March 21, 1927.
 

 The notice of stoppage
 
 in transitu
 
 was hence received by the carrier prior to the payment of the draft and freight charges by the M. Degaro Company and prior to presentation of the written delivery order.
 

 With reference to the reconsignment at Laramie, Wyoming, when Denney & Company directed that the shipment be diverted from Denver to Cincinnati,
 
 *187
 
 it did not surrender the bill of lading, nor notify the carrier to deliver the apples to the M. Degaro Company. The notification was simply to reconsign the shipment to Denney & Company at Cincinnati, with directions to notify the M. Degaro Company. Denney & Company were still the consignees. Instead of ordering a reshipment, Denney & Company thus effected a mere diversion of the route.
 
 Atchison, Topeka & Santa Fe Ry. Co.
 
 v.
 
 Harold,
 
 241 U. S., 371, 36 S. Ct., 665, 60 L. Ed., 1050. When the order of stoppage
 
 in transitu
 
 was given, the car of apples was in the hands of the carrier, consigned to the original consignee, and held pending a complete delivery to the purchaser. The carrier had taken no action such as would indicate an agreement to hold the goods as agent for the purchaser under a new contract made and assented to by both the carrier and the purchaser. The case hence is materially different upon the facts from that presented in
 
 Coleman
 
 v.
 
 New York, New Haven & Hartford Rd. Co.,
 
 215 Mass., 45, 102 N. E., 92, 7 A. L. R., 1366.
 

 When the carrier received the notice to withhold delivery, the right of stoppage
 
 in transitu
 
 still existed, and, when that right was exercised, the carrier was bound thereby.
 

 Since the purchaser did not surrender the bill of lading nor present the written delivery order nor otherwise terminate the original transit prior to the order of stoppage
 
 in transitu,
 
 all of the transactions up to the notice to withhold delivery constituted, in contemplation of law, one continuous transaction. Therefore there was neither an actual, physical delivery of the apples to the M. Degaro Company, such as would shut off the right of the shipper to
 
 *188
 
 order delivery withheld, nor was there a constructive possession of the goods by the consignee prior to the order of stoppage.
 

 With reference to the question of estoppel, since the M. Degaro Company took up the draft after the notice of stoppage
 
 in transitu,
 
 and prior to the payment of the freight charges, it is evident that the taking up of the draft was not done in reliance upon any attornment to the M. Degaro Company by the carrier.
 

 Every one of the cases relied upon by the plaintiff in error is sharply distinguishable upon the facts.
 
 In re Arctic Stores,
 
 (D. C.), 258 F., 688, the bill of lading consigned the shipment in question, to the Arctic Stores at a designated siding, alongside of the warehouse of the Arctic Stores. This was held to constitute complete delivery.
 

 In re Nesto,
 
 (C. C. A.), 270 F., 503, turns upon the question of fraud, and, moreover, in that case the goods were rebilled to an ostensibly new carrier.
 

 In re W. A. Paterson Co.,
 
 (C. C. A.), 186 F., 629, 34 L. R. A. (N. S.), 31, upon arrival of the shipment at the destination, the bill of lading was surrendered to the railroad company and the goods were rebilled to a subsequent vendee.
 

 In the case of
 
 Norfolk Hardwood Co.
 
 v.
 
 New York Central & Hudson River Railroad Co.,
 
 202 Mass., 160, 88 N. E., 664, while the vendor consigned goods shipped by freight to its own name in the city where the purchaser did business, upon being notified by the carrier of the arrival of the goods at such destination, the vendor expressly authorized the carrier to deliver the goods to the purchaser. The carrier thereupon, at the request of the purchaser, trans
 
 *189
 
 ported the goods to a neighboring city and stored them there in the carrier’s warehouse in the name of the purchaser.
 

 In no case cited on behalf of the plaintiff in error has the proposition been urged which is here advanced, namely, that a mere notification by the buyer to the carrier to divert the goods in course of transit and change the destination of the shipment constitutes a taking possession of the goods, either actual or constructive, and that mere arrival of the goods at the designated destination where the bill of lading evidently contemplates acceptance by the consignee or his agent of itself establishes possession, actual or constructive, of a shipment by the buyer.
 

 The receipt of the freight charges, after acceptance of the notice to withhold delivery, was wrongful on the part of the carrier. Since the record, however, shows a continuous offer at all times to refund these freight charges to the M. Degaro Company, and refusal of such company to accept them, the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.