In re JAYROSE MILLINERY CO., Inc.

CITY OF NEW YORK v. LATTIN.

No. 95.

Circuit Court of Appeals, Second Circuit.

Dec. 13, 1937.

Paul Windels, Corp. Counsel, of New York City (Oscar S. Cox and Sol Charles Levine, both of New York City, and Max Brofman, of counsel), for appellant.

Feiring & Bernstein, of New York City, (Michael Feiring and Barney Bernstein, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The city's claim is for taxes on retail sales made by Jayrose Millinery Company, Inc., before its bankruptcy. It is now established by decisive authority that claims of this character are entitled to priority over general creditors; but prior to the Supreme Court's decision in New York City v. Goldstein, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384, the court of bankruptcy had acted upon the contrary supposition. On January 30, 1936, the city filed its proof of debt, asserting priority over general creditors. Upon objections thereto filed by the trustee in bankruptcy, a hearing was had and the referee entered an order dated March 27, 1936, denying the claim priority, allowing it as a general claim in the reduced amount of $2,122.91, and reserving for future determination the question of allowance of the penalty portion of the claim amounting to $217.84. Thereafter the trustee moved to re-examine and to reduce the claim by this amount. After a hearing, the referee entered an order reducing the claim to $1,905.07, allowing it as a general claim in said sum, and directing the trustee to pay the first dividend of 5 per cent. thereon. This order was dated September 8, 1936. No review by the District Court of either of the referee's orders was sought by the city, for the reason, no doubt, that they conformed to the law as it was then supposed to be. In re Lazaroff, 84 F.2d 982 (C.C.A.2). Subsequently, however, after decision by the Court of Appeals in Matter of Atlas Television Co., Inc., 273 N.Y. 51, 6 N.E.2d. 94, the Lazaroff Case was reversed under the title of New York City v. Goldstein, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384. This occurred January 20, 1937. Thereafter the city took no action in the Jayrose bankruptcy until the final meeting of creditors on May 14, 1937, the notice for which,

sent out by the referee on April 30th, stated that there were no pending priority claims. At the final meeting the city orally applied to have its general claim transformed into a priority claim because of the Supreme Court's reversal of the Lazaroff Case. After hearing argument, the referee denied the motion without entering a formal order; but, in order that the question might be passed upon by the District Court, he reported the foregoing facts together with his reasons for denying the city's motion. His reasons were that "the equities of the case" favored the ordinary creditors because of the city's delay in making its application until after the notice of April 30th had led creditors to believe that there was no priority claim. The District Judge ruled that the city was foreclosed by its failure to preserve its rights by seeking a review of the referee's orders of March and September, 1936. In re Jayrose Millinery Co. (D.C.) 19 F. Supp. 1013, 1014. Accordingly, by order entered June 17, 1937, the report of the referee was confirmed and final distribution of the estate as therein recommended was directed to be made by the trustee. From this order the city took an appeal within thirty days. No leave to appeal was obtained from this court, and it is now too late to grant it, if leave is necessary. For this reason the trustee contends that the appeal must be dismissed.

■ The presentation of a claim in bankruptcy involves a proceeding in bankruptcy rather than a controversy arising in bankruptcy proceedings; hence allowance or disallowance of the claim is appealable as of right under section 25 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 48). Coder v. Arts, 213 U.S. 223, 29 S.Ct. 436, 53 L.Ed. 772, 16 Ann.Cas. 1008. It is contended, however, that when, the debt not being disputed, only the question of its priority is in issue, an order granting or denying priority is not appealable under section 25 (as amended, 11 U.S.C.A. § 48), but must be reviewed under section 24b (as amended), which requires leave by the circuit court of appeals. 11 U.S. C.A. § 47(b). A remark to this effect was made by this court in Re Zeis, 245 F. 737. This became at least a dictum, if indeed it was not overruled when, upon reargument, the appeal was entertained and the order reversed. The remark must be deemed to have been inadvertent in view of Coder v. Arts, supra, 213 U.S. 223, at

pp. 235, 236, 29 S.Ct. 436, 53 L.Ed. 772, 16 Ann.Cas. 1008. There it was explained that the procedure as to the debt carries with it the incidental right to determine the question of priority and the right to appeal. Indeed, denial of an asserted priority or security as effectively denies the creditor collection of part of his claim as does a reduction in amount of a general claim; the creditor should have a right to appeal in the former case no less than in the latter. In at least three circuits it has been so ruled. In re Lane Lumber Co., 217 F. 546 (C.C.A.9); Federal Housing Adm'r v. Moore, 90 F.2d 32 (C.C.A.9); In re Jones, 294 F. 832 (C.C.A.5); In re Biddle, 5 F.2d 316 (C.C.A.4). We agree with them. In fact, we read Coder v. Arts, supra, as settling the point. There the order appealed from allowed the creditor's claim and upheld his mortgage security. The trustee appealed, conceding the amount of the debt and questioning only the validity of the lien. The court said that the appeal lay under section 25a (3) rather than section 24b (11 U.S.C.A. §§ 48 (a) (3), 47 (b). To the same effect is Matter of Loving, 224 U.S. 183, 32 S. Ct. 446, 56 L.Ed. 725.

■ The city's motion to transform its general claim into a priority claim was presented by counsel for the city and was treated by the referee and by the District Court as an application under section 57k (11 U.S.C.A. § 93(k), which reads as follows: "Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed." So considered, the question arises whether denial of an application for reconsideration of an allowed claim is appealable under section 25. Where the trustee in bankruptcy invokes reconsideration and obtains an order reducing or expunging an allowed claim, it seems perfectly clear that the creditor has an appeal of right as from a judgment "rejecting a debt or claim." If the trustee's petition for reconsideration is denied, it seems equally clear on principle that the trustee should have an appeal; the denial is really a reallowance of the claim. Were it otherwise, the trustee would be at a decided disadvantage, since appeals under section 24b bring up only matters of law. Curiously enough, no case has been found which discusses the problem, and review has been had under either type of appel-

late procedure.[1] Most of the cases have brought up orders expunging or reducing a claim after reconsideration. In three cases an order denying reconsideration was brought up by appeal. Rosenbaum v. Dutton, 203 F. 838 (C.C.A.8); In re El Dorado Ice & Coal Co., 290 F. 180 (C.C.A. 8); French v. Long, 42 F.2d 45 (C.C.A.4); without indication whether the appeal was by leave or as of right. For the reasons already advanced, we think an appeal lies as of right from an order which in effect reallows a claim after reconsideration under section 57k. In reaching this result, we are not unmindful of decisions relating to analogous provisions of section 25 which may be advanced as supporting an opposite conclusion. Thus, an order confirming a composition has been held appealable as of right under section 25, but an order refusing to vacate the order of confirmation is reviewable only under section 24b. In re Branner, 9 F.2d 883 (C.C.A. 2). Similarly, an order vacating an adjudication of bankruptcy is reviewable by petition to revise. Vallely v. Northern Fire Ins. Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297. These classes of cases we think are to be differentiated from the reconsideration of a claim under section 57k, which expressly contemplates that a reconsideration shall result in an order either of reallowance or rejection. Consequently, if the order appealed from be viewed as an order confirming the referee's denial of an application for reconsideration of an allowed claim, we have jurisdiction of the appeal.

On the issue of priority the trustee makes no attempt to support the order; nor could he successfully do. so. The record contains no suggestion of any "equities" acquired by general creditors by reason of the city's failure to apply more promptly for reconsideration of its claimed priority. It is true that the notice of April 30th advised creditors that no priority claim was pending. But, as this court held in People of New York v. Hopkins, 18 F.2d 731, the mere disappointment of creditors in finding that an unexpected claim exists is not sufficient reason to exclude the tardy claimant, and particularly is this true in respect to tax claims. See, also, In re Star Spring Bed Co., 265 F. 133, 137 (C.C.A. 3); In re Keyes, 160 F. 763 (D.C., D.Mass.).

Nevertheless, an order that is right cannot be reversed on appeal, even though the ground for sustaining it is different from that taken below. That is the situation in the case at bar, viewing the city's application as made under section 57k. The city sought a remedy which was not available to it. A creditor whose claim has been allowed for a smaller sum than claimed or with a denial of an asserted priority cannot get a reconsideration under 57k. The purpose of this section is to protect the estate against claims which have been erroneously allowed; not to protect the creditor against partial disallowance. He needs no such protection. If he is aggrieved by the referee's order of allowance, he may petition for review by the District Court and, if necessary, appeal from the court's order. But the remedy by review and appeal would not be adequate protection for the estate. Claims are usually allowed before the trustee or other creditors have had any opportunity to get sufficient information to oppose them or to determine whether the allowance is correct. Subsequent investigation may show the allowance was wrong in whole or in part, and section 57k provides the procedure for correcting it. A creditor whose claim was wholly disallowed is obviously excluded from invoking section 57k. While it might be possible to torture the words into a meaning which would permit a creditor whose claim had been allowed in part to seek a reconsideration of the part disallowed, we are convinced this was not the meaning intended; he should stand no better with respect to the procedure provided by section 57k than one whose claim was wholly disallowed. Practically all the cases assumed that the procedure was intended to enable allowed claims

---

[1] Brought up by petition to review: In re Lewensohn, 121 F. 538 (C.C.A.2); In re W. A. Paterson Co., 186 F. 629, 34 L.R.A.(N.S.) 31 (C.C.A.8); In re Munsie, 33 F.2d 79 (C.C.A.2) appeal by leave of this court.

Brought up by appeal but with no indication whether as of right or by leave of the appellate court: Cooper v. Rauch, 82 F.2d 1005 (C.C.A.3); In re Universal Rubber Products Co., 28 F.2d 253 (C.C. A.3); Jones v. Clower, 22 F.2d 104 (C. C.A.5); In re Huffman & Co., 15 F.2d 845 (C.C.A.7).

International Agricultural Corporation v. Cary, 240 F. 101 (C.C.A.6), seems to have been heard both on appeal and petition to revise.

to be reduced or expunged [2]; none has been found where it was used to increase a claim in amount or in rank. We conclude that, if the city's motion is viewed as made under section 57k, the order was right and would have to be affirmed.

This conclusion does not mean that the city was remediless after the Supreme Court had established that claims for sales taxes were entitled to priority. Whatever may be the rule in other circuits, it is settled here that referees have power to grant rehearings even after the time for review of their orders by the District Court has expired. In re Pottasch Bros. Co., 79 F.2d 613, 101 A.L.R. 1182 (C.C.A. 2). The appellant argues that the referee's action on its motion may be considered a denial of priority to its claim after rehearing granted. Although no appeal lies from a denial of a rehearing, an order entered upon a granted rehearing is appealable, even though the court reaffirm its former action. Wayne Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557; In re Adams, 25 F.2d 640 (C.C.A. 2). We think that the present record may be so construed. Although not in form a motion for a rehearing of the prior orders of allowance, in effect it was just that. The referee heard argument from both sides and disposed of the issue of priority anew and upon a new ground. While no formal order was entered reaffirming his prior action in allowing the claim as a general claim, his report to the court may be considered an indirect order to that effect. In the case of In re Two Rivers Woodenware Co., 199 F. 877, 881 (C.C.A. 7), Judge Baker stated that "The inclusion of proved and filed claims in an order of distribution may be considered as an indirect order of allowance."

The District Court likewise considered the issue of priority, and order-

ed distribution among general creditors, including the city. In view of the decision of the Supreme Court establishing the city's right to priority, the court should have modified and corrected the referee's report. See in re Keyes, 160 F. 763 (D.C., D.Mass.). This court has jurisdiction to make that correction, and it is so ordered.

---

[2] Most of the cases are concerned with determining who may petition for reconsideration under 57k rather than with defining what is meant by reconsideration. Some hold that only the trustee may petition; In re Fine, 300 F. 429 (D.C., D.Conn.); In re Lewensohn, 121 F. 538 (C.C.A.2); others permit creditors to petition, either in their own right or in the name of the trustee; In re Sully, 152 F. 619 (C.C.A.2); Jones v. Clower, 22 F. 2d 104 (C.C.A.5); and still others permit the court to reconsider claims under 57k on its own motion, International Agr. Corporation v. Cary, 240 F. 101 (C.C.A.6); In re W. A. Paterson Co., 186 F. 629, 34 L.R.A.(N.S.) 31 (C.C.A.8). In one case a bankrupt petitioned under 57k for the purpose of compelling a claimant to prove his claim for rent in a larger amount. In re Munsie, 33 F.2d 79 (C.C.A.2). The court held that a bankrupt was not a party in interest within the meaning of section 57d (11 U.S.C.A. § 93(d) for the purpose of bringing a petition under 57k (11 U.S.C.A. § 93(k). See, also, Fitch v. Richardson, 147 F. 197 (C.C.A.1); In re Tomlinson & Dye, 3 F.Supp. 800 (D.C.N.D.Okl.).