## In re SCHWAB–KEPNER CO.

### GREEY v. DOCKENDORFF.

(Circuit Court of Appeals, Third Circuit. March 17, 1913.)

#### No. 1,692.

APPEAL AND ERROR (§ 1022*)—REVIEW—EVIDENCE—FINDINGS OF MASTER.

Findings of a master, sustained by the trial judge, will not be set aside on appeal, unless a preponderance of the testimony shows that they involve reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4015–4018; Dec. Dig. § 1022.*]

Appeal from the District Court of the United States for the District of New Jersey; Joseph Cross, Judge.

In the matter of the Schwab-Kepner Company, bankrupt. Petition by J. E. Dockendorff for the delivery to him of the proceeds of certain assigned accounts collected by the trustee. From an order allowing the petition, Arthur Greey, as trustee in bankruptcy, appeals. Affirmed.

Hays, Hershfield & Wolf, of New York City (Ralph Wolf, of New York City, John G. Johnson, of Philadelphia, Pa., and James N. Rosenberg and Garrard Glenn, both of New York City, of counsel), for appellant.

Einstein, Townsend & Guiterman, of New York City (Gerard B. Townsend and Julius Henry Cohen, both of New York City, of counsel, and J. de R. Storey, of New York City, on the brief), for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

PER CURIAM. This case involves the findings of a special master, to whom a reference was made of a dispute between one Dockendorff and the trustee in bankruptcy of the Schwab-Kepner Company as to the ownership of the proceeds of certain accounts of the bankrupt company, which had been assigned to Dockendorff, but collected by the trustee. On the part of Dockendorff it was alleged the assignments were valid; on the part of the receivers, who filed the answer, that they were preferential, invalid, and with the intent on the part of Dockendorff and the company to hinder, delay, and defraud creditors. In pursuance of his appointment, the special master, who was also an experienced referee, took and reported testimony and exhibits aggregating over 2,000 pages. In a report which evidences his patience, thoroughness, and ability, the special master reported in favor of Dockendorff and against the receivers' contention. The matter was again considered and examined by a judge of the District Court, whose careful and exhaustive consideration of such matters is well known to this court. In an opinion confirming the special master's report, that judge, after again examining the testimony, says:

"I am satisfied with the master's findings of fact, and his conclusions of law thereon, to which statement, by way of enlargement, it may be added

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that there is no sufficient or satisfactory evidence to show that the transfers in question were made with an intent to hinder, delay, or defraud the bankrupt's creditors, while as to the question of the insolvency of the Schwab-Kepner Company, at the times when the accounts were severally assigned to the petitioner, it must be said, after a careful reading of the testimony, that the proofs fail to establish it. At the most, they go no farther than to create a doubt or engender a suspicion of that fact. There is certainly a lack of evidence to warrant me in overruling the master's findings upon that point."

In this court we have had the benefit of the fullest and ablest discussion of the testimony, and the case has been again reconsidered. Substantially the questions involved are ones of fact, and without entering upon a discussion of the proofs, and of what has been so fully covered by the report of the master and the opinion of the experienced judge below, we limit ourselves to saying that no such preponderance of testimony is disclosed by the proofs as would warrant this court in holding the findings and conclusions of the master and the court below involved reversible error, and we may add the briefness of this opinion and its nonreference to details will not be taken as indicating that this court has overlooked any point or question raised in the arguments or briefs.

The decree of the court below is affirmed.