## OSLEY et al. v. ADAMS.

(Circuit Court of Appeals, Fifth Circuit.   October 13, 1920.)

No. 3454.

1. **Bankruptcy ☞303 (3)—Evidence held to sustain findings that conveyances were fraudulent.**

Evidence tending to show that conveyances by a voluntary bankrupt to his son and by the son to the bankrupt's wife were without consideration, and were made shortly before bankruptcy, though dated four years earlier, and that no change in possession of the property had occurred, *held* to sustain the findings of the master approved by the trial court that the conveyances were in fraud of the bankrupt's creditors.

2. **Appeal and error ☞193 (4)—Insufficiency of averment in petition must be objected to below.**

An assignment of error based on insufficiency of averment in petition that plaintiff trustee in bankruptcy represented creditors who were such at the time of the execution of the conveyances attacked, does not require reversal of the decree, where the only objection before the master and the court was to the failure to prove the existence of such creditors, and there was sufficient proof to sustain the master's findings on that point.

3. **Trial ☞85—Objection to bankruptcy record must specify incompetent portions.**

An objection to the reception in evidence, in a suit by a trustee in bankruptcy to set aside fraudulent conveyances, of the record in bankruptcy, much of which was admissible, is insufficient, where there was no particular objection to any portion of the record claimed to be inadmissible.

4. **Evidence ☞591—Party not bound by conclusions of adverse party called as witness.**

Even if a party to a suit in equity, who calls an adverse party as his witness, is bound by the testimony of such witness to the same extent as by the testimony of another witness, he is not bound by every statement or conclusion of the witness, so that statements that the conveyances were made for a valuable consideration are not binding, where the facts testified to showed the contrary.

5. **Appeal and error ☞1022 (2)—Findings of master, supported by evidence and approved, almost controlling.**

On appeal, the findings of the master, approved by the trial judge, are well-nigh controlling, where there is any evidence to sustain them.

Appeal from the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Bill by A. C. Adams, as trustee in bankruptcy of J. J. Osley, against Patrick Osley and others, to set aside conveyances by the bankrupt as fraudulent. Decree for complainant (255 Fed. 117), and defendants appeal. Affirmed.

Stephen C. Upson, of Athens, Ga., for appellants.

Horace M. Holden, of Athens, Ga., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. On September 11, 1917, J. J. Osley filed his voluntary petition in bankruptcy in the United States District Court. The bankrupt's schedules set out $1,096.05 of liabilities and no assets. A. C. Adams was appointed trustee of the bankrupt's estate.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thereafter said trustee filed a bill in equity in said District Court against J. J. Osley, Patrick Osley, and Emma Osley, alleging on information and belief that the bankrupt on December 10, 1913, was the owner of a tract of land of 31½ acres in Hart county, Ga., to which he held title, and also had title to and was in possession of a certain tract of land in Madison county, Ga., of 380 acres; that Emma Osley was the wife, and Patrick Osley was the son, of J. J. Osley, and that these three persons entered into a conspiracy to defraud the creditors of J. J. Osley, by having said J. J. Osley convey and transfer his property away without consideration; that in furtherance of said scheme J. J. Osley executed to Patrick Osley a deed to said 31½ acres of land in Hart county, which purported to be executed on December 8, 1913, but which was not recorded until February 12, 1917, and said Patrick Osley in furtherance of said scheme made a deed to his mother, Emma Osley, purporting to be executed on December 19, 1913, but which was not recorded until February 12, 1917; that said J. J. Osley in furtherance of said scheme also transferred to said Patrick Osley a certain bond for title, executed to him by C. C. Boise, covering said 380 acres of land in Madison county, which said bond was by said Patrick Osley transferred to his mother, Emma Osley, said last-mentioned transfer being recorded on February 12, 1917; that all of said transfers and conveyances between said J. J., Patrick, and Emma Osley were without consideration, were not made in good faith, and were made to delay and defraud existing creditors of J. J. Osley.

The plaintiff, on information and belief, averred that all of said conveyances and said transfers were executed in the year 1917 and those dated in 1913 were dated back in furtherance of said scheme.

Plaintiff averred that certain creditors now existing and listed in the bankrupt's schedule were creditors of J. J. Osley on December 8, 1913. Plaintiff claimed the right to the possession of said land as constituting assets of the bankrupt's estate and as transferred in violation of the provisions of the Bankruptcy Act and of the Code of Georgia.

The bill prayed for a delivery of said deeds and bond for title, and that said deeds and the transfer of said bond be decreed to be void and be canceled, and that the title and right of possession of said real and personal property be vested in plaintiff and decreed to be assets of the bankrupt's estate.

The defendant filed an answer, moving to dismiss said bill for failure to set out any good and sufficient cause of action; it being nowhere sufficiently alleged that the trustee represented any creditor whose rights existed when said conveyances were made.

Said answer also averred that the conveyances were made on the dates and for the considerations stated therein, and were not made to delay or defraud creditors, and denied the charge of conspiracy. The case was referred to a special master, who heard the evidence and found in favor of the contentions of the trustee in bankruptcy.

Exceptions to the report were overruled by the court, and a decree taken in favor of the trustee in bankruptcy.

[1] The evidence in the case fully sustains, if it does not require,

the findings of the master and the decree overruling the exceptions thereto. It appeared that the three Osleys, father, mother, and son, were living together; that J. J. Osley was in actual possession and control of the property in question at the time when the deeds and transfer in question were made by him; that the parties continued living and using the property after the time of such transfers as before, and that no outward evidence of any change of possession took place; that while the deeds and transfer purported to have been made in December, 1913, they were not recorded until February 12, 1917. There was evidence authorizing the master to find that the instruments were not in fact executed until some time between August, 1916, and February 12, 1917, and that no consideration was paid for the deeds or transfer; that a number of the creditors of the bankrupt were such at the time of the execution of said conveyances.

[2] Error is assigned that the court should have dismissed the plaintiff's bill, because the petition did not sufficiently aver that the trustee represented creditors who were such at the time of the execution of the conveyances attacked. It does not appear that any insistence was made on the sufficiency of the allegations of the bill, which averred that certain of the creditors as listed by the bankrupt in his schedules were such at the time of the conveyances. The insistence before the master and before the court, on exceptions to his report, was alone to the alleged failure to prove the existence of such creditors, and there was sufficient proof to sustain the master's findings on this point.

[3] The objection to the reception in evidence of the record in the bankruptcy proceedings is clearly without merit. No exception was taken to the report of the master on this ground. The report was admissible for a number of purposes. Much of it consisted of original evidences of debt, showing their dates. If any part of the record was inadmissible, it should have been particularly objected to.

[4] Error is assigned on the ruling that the conveyances from J. J. Osley were without consideration, and made to delay, hinder, and defraud creditors, because the plaintiff introduced as witnesses J. J. Osley and Patrick Osley, who swore that the deeds were made for a valuable consideration, and that Patrick Osley went into possession thereunder, and that the plaintiff is bound by their testimony.

While it may be true that the plaintiff, by introducing adversary parties as his witnesses in an equity cause in the United States courts, is as much bound by their testimony as in the case of other witnesses, yet this does not mean that he is bound by every statement or conclusion of such witness, nor does it mean that he may not show that the witness is in error.

In this case, while the witnesses did testify generally that the deeds were made for a valuable consideration, their own testimony showed otherwise, and warranted the finding that the deeds were made without consideration, and that the actual possession of the property and its control remained at all times in J. J. Osley.

[5] The undisputed evidence was that the transfer of the bond for title from Boise was made at the same time as the deed. It was proven beyond dispute that the form on which the deed was drawn was print-

ed by the Bennett Printing House. The form bore a watermark "Courier Bond." The testimony of Bennett, a disinterested witness, was quite positive that he had not printed any forms on Courier Bond paper before August, 1916, and warranted the master in finding that the deed was in fact executed between August, 1916, and the time of its record, February 12, 1917. On appeal, the findings of the master, approved by the trial judge, are well-nigh controlling, where there is any evidence to sustain them. In re Schwab-Kepner Co., 203 Fed. 475, 121 C. C. A. 597; Greey v. Dockendorff, 231 U. S. 513, 34 Sup. Ct. 166, 58 L. Ed. 339.

The testimony in this case as a whole fully warranted the findings of the master, and the decree overruling the exceptions, and the decree in favor of the complainant is affirmed.