## LIBERTY MUT. INS. CO. v. HANOVICH.

### No. 12428.

United States Court of Appeals
Fifth Circuit.

Dec. 31, 1948.

Eugene J. Wilson, of Houston, Tex., for appellant.

Albert P. Jones, of Houston, Tex., for appellee.

Before HOLMES, WALLER and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This is a workmen's compensation case, under the law of Texas, wherein the appellee was awarded compensation benefits for total temporary disability at the rate of $20 per week for 300 weeks. The appellant relies for reversal upon three main grounds: (1) that the evidence was not sufficient to support the verdict; (2) that the appellee was estopped to deny her physician's testimony as to her total disability being for only twelve weeks; and (3) that the court erred in not excluding the testimony of Dr. Whitsitt.

On December 23, 1946, appellee was injured while working for the assured of appellant. The injuries were accidentally inflicted upon her while her head was protruded into the shaft of a descending elevator. At the time of her injury, she was working as an order checker; prior thereto she was strong and in good health, doing a man's job; but she has not been able to do hard work since that time. When first seen by a physician after the accident, she was suffering from traumatic shock, had lost much blood, her scalp was almost completely torn off down to the bone; some nerves in her head were severed; her condition was critical; and it was evident that she had been struck with great force. Under medical care, she gradually seemed to recover from the immediate effect of the wound; but there was ample evidence to convince the jury that she did not recover, and may never recover.

Pinched by poverty and driven by necessity, she went back to work for the same employer, but at a different task, one that required very little physical effort, and that may be terminated at any time. She never suffered from headaches before her injury, but afterwards she suffered from them every day; and her head was hurting her at the time of the trial, "a sharp, stinging river of pain running through it." A physician gave her something to ease her pain, and directed hot pads to be applied to her head. Her sister, sister-in-law, several other lay witnesses, and two doctors, testified as to her condition. The nature and extent of her disability were questions for the jury, and the verdict was fully warranted by the evidence.

Because, on cross-examination, the appellee stated that she had confidence in her family physician and would be "willing to rise or fall as to what his findings" were as to her condition, the appellant seriously contends that the extent of her disability was limited by the opinion of her doctor, who later in the trial was a witness against her. It is true that she had confidence in her physician, but neither she nor her attorney agreed to take from the jury the ultimate question of the worth, weight, or credibility of the doctor's testimony. A litigant may vouch for the good character and general credibility of a witness without being estopped to deny the correctness or

truthfulness of any particular fact or facts testified to by such witness.

■ Finally, as to the third point, there is no sound basis in fact for the appellant's objection to the testimony of Dr. Whitsitt on the ground that his medical examination was made solely for the purpose of preparing himself to testify upon the trial of this case. In the court below, the attorney for defendant conducted a long preliminary examination of this witness for the purpose of laying the predicate for this objection, but failed to do so; the doctor testified that she came to him as a patient for treatment; that he found she was a sick girl, and treated her; that the medicines prescribed by him were to be taken over a period of time; and that he saw her eight or ten times for the purpose of treating her, after her original examination.

We find no reversible error in the record, and the judgment appealed from is

Affirmed.