**Alma LITTLE, Appellant,**

v.

**Donald LITTLEFIELD and Baker Little-field, Appellees.**

**No. 19432.**

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1962.

Amended on Denial of Rehearing
March 1, 1963.

See 313 F.2d 959.

Joseph C. Hutcheson, Jr., Circuit Judge, dissented.

John H. Seale, Barber & Seale, Jasper, Tex., for appellant.

John G. Tucker, Orgain, Bell & Tucker, Beaumont, Tex., Gerald P. Coley, Houston, Tex., Gilbert I. Low, Beaumont, Tex., for appellees.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from an order granting a judgment notwithstanding a ver-

dict. The appeal, of course, presents the question whether there was such an issue of fact as to require its submission to the jury. This issue related to the part which Alma Little, the owner of the automobile in question, played in the transaction and is to be resolved by answering the question whether the proved negligence of Wilmer Little, the driver of the automobile, is to be imputed to Alma either under the doctrine of agency or under the theory of joint enterprise under the Texas law.

The *undisputed* facts are that Alma Little owned an automobile; that his son and a friend of the son, Edd Cawley, discussed with him the proposition of taking Edd Cawley home during the evening in question; that the trip started with the son Wilmer driving the car with Edd Cawley sitting on the right hand side in front, and with Alma, the owner of the automobile, in the rear seat; while driving under these circumstances a wreck occurred with the Littlefield car, as a result of which Edd Cawley was killed, and Alma Little was injured. As the owner of the automobile, Alma had complete power to exercise control over it, but as a matter of fact he did not in any way direct the driving of the car or participate in any decisions with respect to its route, speed or manner of driving prior to the accident.

Other *disputed* facts which give rise to the real argument in the case deal with the question whether the trip engaged in by Wilmer Little and his father was solely the project of Wilmer, undertaken for the benefit of his friend, Edd Cawley, or a joint excursion engaged in jointly by Wilmer and Alma, the owner of the car, for the benefit of the passenger. It is the contention of the appellee, accepted by the trial court, that the evidence conclusively demonstrated that Alma, the owner, was as fully engaged in the project as was his son Wilmer, the driver; that this fact, coupled with the admitted power in Alma to take over control of the automobile at any time he saw fit, required a determination as a matter of law that Wilmer was acting as agent for Alma; thus Alma's recovery for his injury and damage to his automobile was barred under the rule of contributory negligence.

■ The testimony dealing with this precise question is not clear. The witnesses, Wilmer and Alma Little, were easily persuaded by whichever lawyer was asking them questions to give an answer favorable to the lawyer's theory of the law in the case. In this state of the record the appellee contends that the appellant is bound by the most damaging statements elicited from him and his other witness, Wilmer, under what is asserted to be a Texas rule that parties are bound by all that is said to their detriment by witnesses sponsored by them. This, however, is not the federal rule. See Osley et al. v. Adams, 5 Cir., 268 F. 114, where, at page 116, this. Court said:

"While it may be true that the plaintiff by introducing adversary parties as his witnesses in an equity cause in the United States courts, is as much bound by their testimony as in the case of other witnesses, yet this does not mean that he is bound by every statement or conclusion of such witness, nor does it mean that he may not show that the witness is in error."

See also Liberty Mutual Ins. Co. v. Hanovich, 5 Cir., 171 F.2d 168, where on page 169, this Court said:

"A litigant may vouch for the good character and general credibility of the witness without being estopped to deny the correctness or truthfulness of any particular fact or facts testified to by such witness."

See also Fort Worth and Denver Rwy. Co. v. Janski, 5 Cir., 223 F.2d 704, 709.

■ Here there was evidence that the trip to take Edd Cawley home was at the request of Wilmer, and that Alma consented to it because he knew of the close relationship between Wilmer and Edd Cawley. There is further evidence that Alma had no interest in the trip. To be sure, on cross examination, as indi-

cated above, Alma testified that it was a "friendship" trip, and he also conceded that all three parties were equally interested in going to Edd Cawley's home. We think the jury could sort out from the answers given by both Wilmer and Alma Little sufficient factual statements to warrant a finding that the trip was one consented to by Alma, the owner of the automobile, but at the request of, and for the benefit of, his son, whose project it was.

This brings us then to the question whether, notwithstanding an answer by the jury, in response to a special interrogatory, that Wilmer was *not* acting as the agent for Alma, the other facts in the case warrant the taking of the issue of imputing the contributory negligence of Wilmer to Alma from the jury as a matter of law. The cases most strongly stressed by appellee are Johnston Testors, Inc. v. Taylor, 309 S.W.2d 117 (Tex. Civ.App.Ref.N.R.E.) and Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65. We think that because of the different fact situation here present, neither of these cases is controlling. Looking first at the Straffus case, it is clear that the court found a joint purpose or objective between the driver of the Straffus car, Hilda, and her father, Carl, since the court said there: "Certainly between Carl and Hilda there was an object to clean the church and buy the groceries." The court also strongly stressed the testimony by the father, the owner of the automobile, that he participated with the driver in deciding to make the turn that the jury found constituted a negligent act on the part of the driver. The court stressed the fact that thus it was just as plainly the act of the owner of the automobile as if he had jointly had his hand on the wheel.

In the more recent Johnston Testors case, the Texas Court of Civil Appeals was dealing with circumstances where the owner of the automobile was sitting in the front seat with the driver while they were returning from a joint date. Thus, the joinder of purpose was undis-puted. Under these circumstances the court then said:

"Under all the circumstances, the law will presume that Jim Taylor was in full control of his automobile and that Bud McCumber was driving it under Taylor's direction and as his agent."

Then, the court speaks of this presumption as a "rebuttable presumption." It says in the opinion, "This is a rebuttable presumption which may be overcome by evidence to the contrary, but we have searched the record and find no evidence that would show that Jim Taylor had relinquished the control of his automobile to Bud McCumber." In that case Taylor had been killed and was, therefore, not able to testify and McCumber was knocked unconscious and was equally unable to testify to any of the circumstances occurring at the time of the accident.

In light of the permissible inference which the jury could find from the evidence before them here that the trip was solely the project of the driver of the automobile, the essential element of a joint enterprise was not present. There was thus absent a critical factor which was present in both of the cases relied on by the appellee. No case has been cited to us to indicate that under the Texas decisions the mere fact of the presence of the owner of an automobile in the car at the time of an accident creates an irrebutable presumption that the driver is his agent merely on the theory that the owner could, if he saw fit to do so, terminate the consent given to the driver to drive the automobile and retake control of it himself. The cases speak of this fact as a "presumption" and as being "evidence." We conclude, therefore, that the jury's finding that Wilmer Little was not the agent of the owner of the automobile, the only special issue presented on this point, was warranted by the evidence and thus resolves the question whether the driver's negligence is to be imputed to the owner of the automobile.

The judgment of the trial court setting aside the verdict was, therefore, erroneous and the jury verdict must, therefore, be reinstated.

The judgment is reversed for further proceedings not inconsistent with this opinion.

JOSEPH C. HUTCHESON, Jr., Circuit Judge (dissenting).

In the majority opinion it is stated: "No case has been cited to us to indicate that under the Texas decisions the *mere fact of the presence of the owner of an automobile in the car at the time of an accident creates an irrebutable presumption that the driver is his agent merely on the theory that the owner could, if he saw fit to do so, terminate the consent given to the driver to drive the automobile and retake control of it himself*. The cases speak of this fact as a 'presumption' and as being 'evidence'. We conclude, therefore, that the jury's finding that Wilmer Little was not the agent of the owner of the automobile, the only special issue presented on this point, was warranted by the evidence and thus resolves the question whether the driver's negligence is to be imputed to the owner of the automobile." (emphasis added by me)

With deference, this long paragraph confuses two bases for holding that the driver of a car, with the consent of its owner, is the agent of the owner. One of these is that the owner is himself in the car. The other is that the driving is a joint enterprise of the owner of the car and the driver.

*When the first basis is shown, as it was here, that is that the owner of the car is in it, agency is established as a matter of law and whether the enterprise was or was not joint is immaterial.*

With deference, then, while the holding of the majority that whether the trip was a joint enterprise was a question of fact might possibly be correct as applied to the issue of joint enterprise, though

I do not think it is, it cannot be stated *that there was any issue of fact upon whether the owner of the car was in it and had not surrendered his right of control to the driver*.

I, therefore, take up the gauntlet by stating that the two cases which the writer cites, Johnston Testors, Inc. v. Taylor, 309 S.W.2d 117 (Tex.Civ.App. Ref.N.R.E.) and Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65, and the cases of El Paso Electric Co. v. Leeper, 60 S. W.2d 187 (Tex.Com.App.) and Rankin v. Nash-Texas Co., 105 S.W.2d 195 (Tex. Comm. of App.), hold just exactly that, for while they do speak of the fact that the owner being in the car is evidence, they also, *by entering judgment as a matter of law on this evidence, make it clear that the only evidence which could rebut the presumption of the driver's agency* in these circumstances is that *the owner has surrendered the right of control to the driver and there is no evidence or any claim that there is any such evidence in the record in this case*.

I, therefore, affirm with complete and absolute conviction that it is the law in Texas, as shown by the quotation from the Johnston case that "Under all the circumstances, the law will presume that Jim Taylor was in full control of his automobile and that Bud McCumber was driving it under Taylor's direction and as his agent", and generally elsewhere. See note to Ross v. Burgan, 163 Ohio St. 211, 126 N.E.2d 592, 50 A.L.R.2d at p. 1281, in which many cases are cited and discussed in support of the rule just stated by me, and it is quite clear that in Ross v. Burgan, the Ohio Supreme Court, quoting from Beam v. Pittsburgh Ry. Co., 366 Pa. 360, 77 A.2d 634, states very well the rule controlling here:

"'(1) The mere presence of the owner in an automobile while it is being driven in a negligent manner by another does not necessarily make him liable for an injury caused thereby, or impute to him the driver's negligence. * * *

"'(2) *There is a presumption, in the absence of any evidence to the*

contrary, that an owner present in his car has power to control it. * *

" '(3) The test of the owner's liability is the right of control, not whether he exercises it * * *. Indeed, the owner's very failure to exercise his control would ordinarily amount to a tacit consent on his part to the manner in which the operation was being conducted and thereby establish his liability a fortiori. * *

" '(4) In the absence of evidence to the contrary, the legal relation between the owner seated in his car and the person whom he has permitted to drive it is that of principal and agent or master and servant and he therefore is not only liable for damages caused to a person by the driver's negligence but the driver's contributory negligence is imputable to him so as to bar his right of recovery, if he himself is injured, for damages caused by the negligence of a third person. In other words, if the negligence of the driver is imputable to him as a defendant it is also imputable to him as a plaintiff in the same situation. Rest. Torts, §§ 485, 486.' " (emphasis by me)

Again on page 595 of 126 N.E.2d, on page 1279 of 50 A.L.R.2d, the court said:

"A number of courts have adopted the rule, which appeals to us as fair and reasonable, that, where an owner is the passenger-occupant of his own automobile, a rebuttable presumption or inference arises that he has the control and direction of it, and that the driver is acting as his agent in operating the car." (emphasis mine)

Many cases are cited in support of this view.

With deference, the writer of the majority opinion here, while stating that there was evidence showing the very fact which raises the presumption of master and servant, overlooked the fact that the evidence, needed to rebut the presumption but absent from the record, was evidence that the owner had surrendered his right of control to the driver, and there is no evidence and no claim of any evidence that this was so in this case. On the contrary, the evidence of both owner and driver was to the effect that there was no surrender of the right of control. Indeed, in this case there was no attempt made below to rebut the presumption of agency arising from the fact of the owner's presence in the car. The only effort made was to try to show that the driver was not engaged in a joint enterprise with him.

As I stated in the beginning, if joint enterprise were the only issue in the case, it might be held, though I do not think it could be, that there was not a joint enterprise, but the trial court did not submit that issue. It submitted only the issue of whether the driver was the agent of the owner and then correctly later determined that there was no evidence to rebut the presumption arising from the fact of the owner's presence in the car and rendered judgment accordingly.

Putting aside, however, all the cases precisely in point, I confidently affirm that, if there were no such cases, any lawyer or judge, familiar with the law of master and servant, principal and agent, and respondeat superior in states where contributory negligence is still a defense and comparative negligence does not prevail, as it does in Georgia, would be bound to hold that an owner of a car in which he was riding would be responsible for the negligence of the driver unless there was proof that, though he was in the car, he had surrendered his right of control to the driver.

I, therefore, urgently beseech my brothers not to commit this court to a holding, which is on its face indefensible, that an owner of a car, while being driven in his car, can, by engaging a driver for gratis or for hire to drive him, escape the responsibility for that person's negligence and recover damages for injuries resulting to the owner therefrom.

I realize it is not my duty to save the world or this court from bad decisions, but when, as is the case here, I feel that

in conference I utterly failed in my duty to explain my views and properly present the state of the law to my colleagues, it gives me a feeling of responsibility which drives me to make out of what seems a very small case a very serious and painful issue, and I, as vigorously as I can, dissent from the opinion of the majority.