## LESSER *v.* GRAY.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF GEORGIA.

No. 110. Submitted December 9, 1914.—Decided January 18, 1915.

Where plaintiff in error seasonably sets up and claims that, because the bankruptcy court adjudicated his debt to be not provable the proceedings in bankruptcy and defendant's discharge are not a bar, a Federal issue is raised, and as in this case that question is not frivolous, this court has jurisdiction under § 237, Judicial Code.

A disallowed debt and a non-provable debt are not identical; and a claim that has been presented and disallowed as not having foundation is not a non-provable debt and the discharge is a bar.

In this case, *held* that the contract on which the claim sued for was based was either terminated by defendant's bankruptcy or non-compliance therewith constituted a breach, and in either case defendant was released by his discharge.

As plaintiff, suing on a claim disallowed in the bankruptcy proceeding, made no effort to review the action of the bankruptcy court in the

direct way prescribed by the Bankruptcy Act, the result in this case cannot be obtained indirectly by suit in the state court based on the contention that the debt was non-provable.

8 Ga. App. 605, affirmed.

THE facts, which involve the jurisdiction of this court under § 237, Judicial Code, and the effect of a discharge in bankruptcy, are stated in the opinion.

*Mr. Henry A. Alexander, Mr. C. Henry Cohen* and *Mr. Rodney S. Cohen* for plaintiff in error.

*Mr. Alex. C. King* and *Mr. Charles T. Hopkins* for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Lesser brought suit in the City Court of Atlanta against Gray and another, once members of Inman & Co., for damages alleged to have resulted from breach of contract by the firm. A demurrer was sustained and final judgment rendered for defendant; this was affirmed by the Court of Appeals of Georgia (8 Ga. App. 605); and the matter is here upon writ of error.

A motion to dismiss must be denied. Plaintiff in error seasonably set up and claimed that, because the bankruptcy court adjudicated his debt to be not provable (*Re Inman & Co.*, 175 Fed. Rep. 312), the proceedings in bankruptcy and discharge of defendant constituted no bar to a recovery thereon in the state court. A Federal issue is raised and we cannot say that it is too frivolous to give jurisdiction. *Rector* v. *City Deposit Bank*, 200 U. S. 405, 411.

The following summary adequately indicates the essentials of the original petition:

Inman & Co., a copartnership composed of Gray and

others, in July, 1907, agreed to purchase from Lesser 500
bales of patches—cotton bagging—to be delivered during
the twelve months commencing September 1, 1907. About
one-third was delivered and paid for prior to May 4, 1908,
at which time an involuntary petition in bankruptcy was
filed against the firm and its members. Shortly thereafter
all were adjudicated bankrupts. Trustees were appointed,
and in July, 1908, Gray obtained his discharge. Prior to
the bankruptcy proceedings there was no breach or dis-
avowal of the contract and thereafter no demand for fur-
ther deliveries nor offer to make any.

In Feburary, 1909, Lesser presented a claim against
the estate for his alleged loss. The trustees objected on
several grounds. Among others these were specified:
"That said claim is not a provable claim in bankruptcy
under the provisions of the Bankrupt Act; that said claim
on its face shows that at the time of the filing of the peti-
tion in said cause, and at the date of adjudication, the
merchandise, the subject-matter of the claim, had not
been delivered to the bankrupts as provided under the
contract of sale therein set forth, but that all of said mer-
chandise that had been delivered, to wit, the amount of 174
bales had been paid for.  .  .  .  Said proof shows that at
the date of the adjudication, as well as the filing of the peti-
tion, no breach of said contract had occurred.  ..  .  .
Your trustees show that the contract set forth is not such
a contract as is avoided by an adjudication in bankruptcy,
and, therefore, that the same is not a provable debt."

The referee disallowed the claim, and the United States
District Court approved his action for reasons stated in
a written opinion incorporated in the petition.

"Petitioner shows that the defendants have failed under
said contract to accept and pay for 326 bales of patches
at the contract price, and petitioner having retained said
goods, defendants are indebted to him for the difference
between the contract price and the market price at the

time and place of delivery under said contract; . . . that his said claim having been disallowed and adjudicated not provable in bankruptcy, the said discharges of the defendants are no bar to the prosecution of this suit, and the plea of bankruptcy is not available to the defendants;" and he prays for judgment.

In support of the demurrer defendant Gray maintains: (1) The plaintiff sustained no legal injury. Before any breach of the contract an involuntary petition in bankruptcy, afterwards sustained, was commenced against the partnership and its members; the partnership was dissolved, the contract rendered impossible of performance and annulled by the law; and whatever loss resulted was *damnum absque injuria.* (2) If there ever was a valid claim defendant's discharge in bankruptcy acquitted it. (3) The matter was submitted to a competent court of bankruptcy with exclusive jurisdiction, which disallowed the demand; no appeal was taken; and the question became *res judicata.*

The plaintiff in error insists: That he suffered legal damage because the contract of purchase was not fully complied with. "Under the classification of the act, claims are either provable or not provable;" when of the former class they are dischargeable, when of the latter they are not dischargeable. His "claim had been adjudged by the bankruptcy court, to which it had been presented for proof, to be not provable," and therefore the discharge constitutes no bar to his right to recover against the defendant.

Section 2 of the Bankruptcy Law (July 1, 1898, c. 541, 30 Stat. 544) invests courts of bankruptcy with jurisdiction to "(2) allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates; . . . (6) bring in and substitute additional persons or parties in proceedings in bankruptcy when necessary for the complete determina-

tion of a matter in controversy; (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided; . . . (10) consider and confirm, modify or overrule, or return, with instructions for further proceedings, records and findings certified to them by referees; . . . (15) make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this Act." A "'discharge' shall mean the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this Act." (§ 1.) "A discharge in bankruptcy shall release a bankrupt from all of his provable debts." (§ 17.) Debts of the bankrupt may be proved and allowed against his estate which are founded upon an open account, or upon a contract express or implied; and unliquidated claims may be liquidated in such manner as the court shall direct, and may thereafter be proved and allowed. (§ 63.)

A bankruptcy court in which an estate is being administered has full power to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or claim against the estate is based. This is essential to the performance of the duties imposed upon it. When an alleged debt or obligation is ascertained to be invalid—without lawful existence—the claim based thereon is necessarily disallowed. A disallowed claim and a non-provable debt are not identical things; and a failure accurately to observe the distinction has led to confusion in argument.

The United States District Court, being of opinion that an implied condition in Lesser's contract terminated it when the involuntary bankruptcy proceeding was begun, held that the bankrupt incurred no obligation to pay damage by reason of the firm's failure fully to comply there-

with. Accordingly the judgment in respect of the claim presented by plaintiff against the estate was that it be disallowed because without foundation—not that he had a non-provable debt.

The petition in the cause now under review was properly dismissed. If, as both the bankruptcy and state courts concluded, the contract was terminated by the involuntary bankruptcy proceeding no legal injury resulted. If, on the other hand, that view of the law was erroneous, then there was a breach and defendant Gray became liable for any resulting damage; but he was released therefrom by his discharge. In this state of the record we will not enter upon a consideration of the specific reason assigned by the state court for sustaining the demurrer. No effort was made by plaintiff in error to secure a review of the action of the bankruptcy court in the direct way prescribed by the statute and that result may not be obtained indirectly through the present proceeding. The judgment of the court below is

*Affirmed.*