### JONES et al. v. CLOWER.

Circuit Court of Appeals, Fifth Circuit.
November 1, 1927.

No. 5033.

**1. Bankruptcy ⬅342—Referee in bankruptcy held to have jurisdiction of petition by one claimant to revoke allowance of another claimant's claim.**

Referee in bankruptcy *held* to have jurisdiction of petition by one claimant, praying that allowance of another claimant's claim be revoked, since allowance was an adjudication which was subject to be revised by court which made it, acting in proceeding in which it was made at instance of party to such proceeding.

**2. Bankruptcy ⬅342—Claimant in bankruptcy proceeding cannot complain because proceeding to set aside allowance of claim was not brought by trustee in bankruptcy.**

Claimant in bankruptcy proceeding cannot complain because proceeding to set aside allowance of its claim was not instituted by trustee in bankruptcy of bankrupt, against whom claim was made, since, in absence of any petition, court could of its own motion take action to correct what it has cause to believe was erroneous action, taken on insufficient knowledge.

**3. Bankruptcy ⬅342—Bankruptcy court can reconsider allowed claim based on note, which was also basis of previously allowed claim (Bankruptcy Act, §§ 2 [2], 57k, being 11 USCA §§ 11, 93[k]; General Order in Bankruptcy 21, par. 3).**

Court of bankruptcy is justified in reconsidering allowed claim under Bankruptcy Act, §§ 2 (2), 57k (11 USCA §§ 11, 93[k]), where basis of claim was assigned note, which was also basis of previously allowed claim in favor of payee, note was not assigned till after first claim was allowed, and trustee in bankruptcy of first claimant had no notice of filing of challenged claim, due to noncompliance with paragraph 3 of General Order in Bankruptcy 21.

**4. Bankruptcy ⬅342—Claim based on assigned note may be disallowed, where same note was basis of previously allowed claim, assignment was not made prior to bankruptcy, and consideration was not shown.**

Allowed claim against bankrupt, based on assigned note, may be reconsidered and disallowed on showing that same note was basis of previously allowed claim, that assignment was not made prior to commencement of the bankruptcy proceedings, that no proof of assignment of claim by bankrupt or its trustee, or either of them, had been made, and that no deposition of owner of claim at time of commencement of bankruptcy proceedings against maker of note, setting forth true consideration of debt, had been filed with the proof of claimants.

**5. Bankruptcy ⬅467(4)—Referee's finding, supported by evidence and approved by trial judge, has almost controlling weight on appeal.**

Where there is evidence to support finding of referee against challenged claim in bankruptcy proceeding, which finding is approved by trial judge, such finding has almost controlling weight on appeal.

Appeal from the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

In the matter of the W. A. Handley Manufacturing Company, bankrupt. Petition by George E. Clower, as trustee in bankruptcy of W. H. Knight, praying that a claim filed by T. J. Jones and others, as

trustees of the estate of Z. J. Wright, deceased, be re-examined and expunged from the list of claims, or that the allowance of such claim be revoked. The referee made an order granting the petition, which was affirmed by the District Court, and T. J. Jones and others, as trustees of the estate of Z. J. Wright, deceased, appeal. Affirmed.

Jacob A. Walker and R. B. Barnes, both of Opelika, Ala., and S. Holderness, of Carrollton, Ga. (Richard H. Cocke, of Opelika, Ala., and G. J. Sorrell, of Dadeville, Ala., on the brief), for appellants.

John V. Denson and N. D. Denson, Jr., both of Opelika, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The W. A. Handley Manufacturing Company was adjudged bankrupt under an involuntary petition filed on March 4, 1922. On July 3, 1922, W. H. Knight filed with the referee proof of his claim against said bankrupt for an amount approximating $175,000, based on a number of promissory notes executed by the bankrupt and payable to said Knight; one of those notes being dated November 10, 1921, payable November 10, 1926, for $27,940.50, with interest from date, payable annually. Under an involuntary petition filed on September 4, 1922, said Knight was adjudged bankrupt on September 26, 1922, and appellee was appointed and qualified as trustee in bankruptcy of Knight's estate. Pursuant to a petition filed by appellee in the Handley Manufacturing Company bankruptcy proceeding, appellee, as such trustee, on October 16, 1922, was substituted as a creditor of W. A. Handley Manufacturing Company in lieu of said Knight, succeeding to the latter's claim.

On December 11, 1922, the appellants, as trustees of the estate of Z. J. Wright, deceased, filed in the W. A. Handley Manufacturing Company bankruptcy proceeding a claim, based upon a note which was the same as to the names of the maker and payee, as to dates of execution and maturity, as to amount of principal, and as to provision for interest as the above-described note included in the claim filed by Knight; but the copy of the note filed by appellants contained on its back an assignment by W. H. Knight to Mrs. Ida T. Wright, dated January 4, 1922. On December 11, 1922, the referee indorsed on that claim that it was allowed. The proof of that claim did not, in respects hereinafter

mentioned, comply with the requirement of paragraph 3 of General Order in Bankruptcy 21.

On April 4, 1923, the appellee filed in the W. A. Handley Manufacturing Company bankruptcy proceeding a petition, praying that said claim filed by appellants be re-examined, that the same be expunged from the list of claims allowed in that proceeding, or that the allowance of said claim be revoked and set aside. In substance that petition stated the following grounds for granting the relief sought:

(1) That the note forming the basis of the challenged claim was the same as the above-mentioned note, which in part was the basis of Knight's previously allowed claim, and therefore the claim of appellants is a duplication in part of a claim previously proved and allowed in the same proceeding.

(2) That the proof of the challenged claim failed to show that the alleged assignment by Knight was prior to the commencement of the W. A. Handley Manufacturing Company bankruptcy proceeding, and was not accompanied by the deposition of the owner of that claim at the commencement of said bankruptcy proceeding; appellee's petition alleging that, if there was an assignment of the note which was the basis of that claim, that assignment was made after the commencement of the proceeding in which that claim was filed and allowed.

(3) That the claim proved and allowed in favor of the appellants was the same as part of the claim previously proved and allowed in favor of said Knight, being based on the same note, and no proof of the assignment of that claim by Knight or his trustee in bankruptcy to appellants, or either of them, had been made, and no deposition of the owner of the claim at the time of the commencement of the bankruptcy proceeding against the maker of that note, setting forth the true consideration of the debt, had been filed with the proof of appellants.

(4) That, if said note was assigned by Knight to appellants, that assignment was a preference, which was voidable at the instance of appellee as trustee in bankruptcy of Knight's estate. The allegations with reference to this ground are not mentioned, because the party making those allegations admits that a material part of them was not sustained by evidence.

Without raising any objection to appellee's petition on the ground that it was filed by the holder of a claim, and not by the trustee in bankruptcy of the Handley Manu-

facturing Company, the appellants filed a written answer to that petition, denying the allegations made in the first ground stated therein, and alleging that the assignment by Knight of the note which was the basis of appellants' claim was made on the day of its date, January 4, 1922, and that appellants had had uninterrupted physical possession of that note since that date, and also orally made a motion to strike appellee's petition, on the ground that that petition sought a determination, as between the appellee and the appellants, of the question of title to the note which formed the basis of appellants' claim, which question could not, without the consent of appellants, be determined otherwise than in a plenary suit. The referee overruled that motion, and heard evidence introduced by the appellee and the appellants, respectively; most of that evidence being testimony given in the presence of the referee.

Without conflict the evidence showed that the note which was the basis of the claim allowed in favor of appellants was the same note which was the basis of part of the previously allowed claim of Knight, and that the above-mentioned requirement of paragraph 3 of General Order in Bankruptcy 21 was not complied with by appellants. The evidence was conflicting as to the date of the execution by Knight of the assignment, which appeared on the note in question when the claim of the appellants was made and allowed. A phase of the evidence tended to prove that that assignment was made on January 4, 1922. Other evidence adduced supported a finding that that assignment was made after March 4, 1922, the date of the institution of the bankruptcy proceeding against the maker of that note, after July 3, 1922, the date of the filing in that proceeding by Knight of a claim based in part on that note, and after September 4, 1922, the date of the filing of the petition under which Knight was adjudged bankrupt. The referee made an order granting appellee's petition, and that the above-mentioned claim of appellants be rejected, disallowed, and expunged from the list of claims in the W. A. Handley bankruptcy proceeding. On review that order was affirmed by the court below.

The order under review is complained of on grounds which may be summarized as follows: (1) That the referee was without jurisdiction, because the proceeding under appellee's petition was a summary one to determine the title to a note in the possession of the appellants when that petition was filed;

(2) that the proceeding was one which properly could be instituted only by the trustee in bankruptcy of the estate of the maker of the note above mentioned; (3) that the allowed claim of the appellants could not be re-examined on the ground of a noncompliance with the requirement of General Order in Bankruptcy 21, par. 3; and (4) that none of the grounds on which the allowed claim of the appellants was challenged was sustained by the evidence.

[1] We think there is no merit in the first-mentioned ground of complaint. The petition filed by the appellee was not a suit against a stranger to the proceeding in which that petition was filed for the recovery of the note mentioned. That petition challenged an adjudication made in a bankruptcy proceeding to which both the appellants and the appellee were parties before that petition was filed. The appellants became parties to that bankruptcy proceeding by filing their claim therein. The allowance of their claim was an adjudication in their favor. That adjudication was subject to be revised by the court which made it, acting in the proceeding in which it was made, at the instance of a party to that proceeding. In re Thompson (C. C. A.) 284 F. 65, 70; International Agr. Corp. v. Cary (C. C. A.) 240 F. 101.

[2] It seems that appellants, by contesting appellee's petition without objecting to it on the ground that it was filed by a creditor, and not by the trustee in bankruptcy of the estate of the maker of the note referred to, waived the objection to that petition on that ground. But, without regard to that consideration, the court, in the absence of any petition by either the trustee in bankruptcy or a creditor, could of its own motion take action to correct what it has cause to believe was erroneous action, taken by it upon insufficient knowledge. International Agr. Corp. v. Cary, supra. When it is disclosed, in whatever way the disclosure is made, that the same debt owing by a bankrupt twice has been made the basis of an allowed claim against his estate, first in favor of the original creditor, and afterwards in favor of one claiming to be the assignee of that creditor, that disclosure, in the absence of explanation of the facts disclosed, well may be regarded as indicating that a mistake has been made which calls for investigation and correction.

[3-5] The Bankruptcy Act invests courts of bankruptcy with jurisdiction to "allow claims, disallow claims, reconsider allowed or disallowed claims, or allow or disallow them against bankrupt estates," and provides that "claims

which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed." Sections 2(2), 57k (11 USCA §§ 11, 93[k]). The quoted provisions fully empower a bankruptcy court to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or claim against the estate is based. Lesser v. Gray, 236 U. S. 70, 35 S. Ct. 227, 59 L. Ed. 471. Certainly cause for reconsidering an allowed claim is disclosed when it is made to appear that the basis of that claim was a note of the bankrupt alleged by the claimant to have been assigned to him, that the same note was the basis of a previously allowed claim in favor of the payee of that note, that that note was not assigned by the payee until after his claim based thereon was allowed and after the payee was adjudged bankrupt, and that, in consequence of a noncompliance with a requirement of paragraph 3 of General Order in Bankruptcy 21, the trustee in bankruptcy of the payee's estate had no notice of the filing of the challenged claim until after it was allowed.

We conclude that the challenged claim was subject to be disallowed upon proof of the above-mentioned three grounds first stated in appellee's petition. There was evidence to support the finding of the referee against the challenged claim, which finding was approved by the trial judge. On appeal, such findings are well-nigh controlling, where there is evidence to sustain them. Osley v. Adams (C. C. A.) 268 F. 114. The record before us does not warrant the setting aside of those findings.

The decree is affirmed.