## In re MUNSIE.

Circuit Court of Appeals, Second Circuit.
June 3, 1929.

No. 334.

Morris Gottlieb, of New York City, for appellants.

Greenstein & Schwartz, of Bridgeport, Conn. (Harry Schwartz, of Bridgeport, Conn., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). This is a most anomalous proceeding. It has resulted in the paradoxical situation of a debtor complaining because his creditor asserted too small a claim, and the creditor appealing from an order which allows more than was asked in her proof of claim. The purpose of the bankrupt's application was to compel the creditor to include in her proof of claim all future installments of the monthly deficiency between rent payable under the bankrupt's lease and that payable by the new tenant, upon the notion, apparently, that if such installments were held provable they would ipso facto be dischargeable, and thus the bankrupt would obtain a preliminary adjudication of the scope of his discharge, which might be useful in a suit brought by the creditor to recover one such installment falling due subsequent to the filing of the petition in bankruptcy. We cannot discover that the Bankruptcy Act gives the bankrupt any standing to initiate such a proceeding. As we said in Re Havens, 272 F. 975, involving a different type of proceeding, the granting of a discharge is the function of the bankruptcy court alone, but its effect is for any court in which it is duly pleaded or otherwise submitted for judgment.

Proof and allowance of claims is governed by section 57 (11 USCA § 93). Paragraph (d) thereof provides that claims which have been duly proved shall be allowed, "unless objection to their allowance shall be made by parties in interest"; and paragraph (k) declares that allowed claims "may be reconsidered for cause, and reallowed or rejected in whole or in part, according to the equities of the case. * * *" Although the record is silent, we may assume that Mrs. Gottlieb's claim, filed at the first meeting of creditors, was forthwith allowed, as hers was the only claim and a trustee was appointed at that meeting. Section 55(b); section 44 (11 USCA §§ 91, 72). Consequently, the bankrupt's petition to liquidate was really a petition to reconsider and reallow under section 57(k). Whether an insolvent bankrupt is a party in interest, in such sense that he may object to the allowance of a claim, or move for reconsideration of an allowed claim, on the ground that it should be expunged or diminished, we need not now decide. He was allowed to do so before the election of a trustee in Re Ankeny, 100 F. 614 (D. C. Iowa). In Gregg Grain-Co. v. Walker Grain Co., 285 F. 156 (C. C. A. 5), certiorari denied 262 U. S. 746, 43 S. Ct. 522, 67 L. Ed. 1212, it was held that an insolvent bankrupt had

no interest which entitled him to object to a creditor's claim. On the other hand, In re Rubin, 24 F.(2d) 289 (C. C. A. 7) considered the validity of claims upon objections of the bankrupt; but the point of the bankrupt's standing to question the claims was not mentioned. General Order XXI(6) implies that only the trustee or a creditor may ask for reconsideration of a claim, and Referee Wise so held in Re Levy, 7 A. B. R. 56 (S. D. N. Y.). See, also, In re Lewensohn, 121 F. 538 (C. C. A. 2); Rosenbaum v. Dutton, 203 F. 838 (C. C. A. 8). Cf. Jones v. Clower, 22 F.(2d) 104, 106 (C. C. A. 5); Remington, Bankruptcy (3d Ed.) § 1025.

We said in Re Sully, 152 F. 619, 620: "The term 'parties in interest' applies to those who have an interest in the res which is to be administered and distributed in the proceeding. * * *" It is difficult to see what interest a bankrupt can have to reduce a claim where, though he succeeds, his estate will be distributed to other creditors, with no hope of anything remaining for him. But, whatever may be the law when he is seeking to reduce or expunge a claim, it is perfectly clear that he has no interest in having a creditor's claim increased. If the claim is dischargeable, it will be discharged, whether allowed or not, provided it has been scheduled. Section 17 (11 USCA § 35).

The scope of the discharge does not depend upon the amount for which the creditor proves; it is equally effective, if the claim is not proved at all. Indeed, even an erroneous disallowance will not prevent the debt from being discharged, if it is provable. See Lesser v. Gray, 236 U. S. 70, 35 S. Ct. 227, 59 L. Ed. 471. Thus the bankrupt has adequate protection by merely scheduling the claim. Hence, there can be no legitimate reason to expend the money of the estate or to delay its closing for the purpose of litigation which merely seeks to compel a creditor to increase the amount of his provable claim at the request of the bankrupt. The court is without authority to compel a creditor to file his claim or to file it for a larger amount than he asserts in his proof of claim—except, perhaps, to protect some party entitled to be subrogated to the creditor's claim. Section 57(k). See Williams v. U. S. Fidelity Co., 236 U. S. 549, 556, 35 S. Ct. 289, 59 L. Ed. 713. For these reasons we conclude that the court erred in re-examining the creditor's claim upon the bankrupt's petition.

While the error was not specifically taken by the appellants, we take note of it of our own accord, because we think it important that this anomalous practice should not re-

ceive the sanction which would apparently be given it, were we to decide the sole question argued by the parties, namely, the provability of the monthly deficiencies accruing after the date of the petition. We express no opinion, therefore, as to whether Munsie's liability on the lease was terminated by the landlord's reletting, the lease containing no express provision authorizing it, nor whether, if he remained liable for the monthly deficiencies subsequent to his bankruptcy, such liability is a provable debt.

The trustee in bankruptcy had no interest of the estate to conserve in seeking a review of the referee's order, or in appealing from the District Court's order of confirmation. The trustee's appeal is therefore dismissed. Upon the creditor's appeal, the order is reversed with directions to dismiss the so-called petition for liquidation of claim, and to restore the allowance of her claim as filed.