In the Matter of Madison M. GRAY,
Cathryn B. Gray (Deceased),
Debtors.

Bankruptcy Nos. 78–67, 78–68.

United States Bankruptcy Court,
D. Delaware.

Feb. 4, 1987.

Melvyn I. Monzack, Francis A. Monaco, Jr., Wilmington, Del., for debtors.

James L. Patton, Jr., Wilmington, Del., Mark S. Goldstein, Bethesda, Md., for claimant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Madison M. Gray has moved for summary judgment on his objection to proof of claim filed by Gene A. Murray. Summary judgment is available in contested bankruptcy matters when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law by virtue of Bankruptcy Rules 12–62, 914 and 756.

Gray's objection alleges four bases for disallowance of Murray's claim:

1. The proof of claim was not timely filed.

2. The claim is barred by the Statute of Limitations.

3. The failure to pay withholding tax for the last quarter of 1974 was solely the fault of Murray.

4. The unpaid withholding tax liability was not a liability covered by the purported agreement between Gray and Murray dated October 10, 1975.

The undisputed facts are as follows: Madison Gray and his wife, now deceased, filed a voluntary petition under Chapter XII of the Bankruptcy Act on March 20, 1978. The court set a bar date of August 31, 1978 for filing proofs of claims. Gene

Murray had not been scheduled as a creditor on Gray's bankruptcy schedules and did not receive a copy of the notice of first meeting of creditors which also contained the bar date. Gray within one month of filing his bankruptcy petition spoke with and informed Murray that he had filed a bankruptcy petition (uncontradicted affidavit of Gray dated October 4, 1985). Murray filed a proof of claim in the amount of $35,618.75 plus interest on October 10, 1984 (claim no. 63). The stated basis for the claim is an assessment against Murray by the Internal Revenue Service of a 100% penalty for unpaid withholding taxes of the Sea Scape Motel for the period beginning September 1977. Gray's objection was filed July 2, 1985. On August 15, Murray filed an amended basis for proof of claim stating that the penalty is for unpaid withholding taxes of the Sea Scape Motel for the period ending December 1974.

█ The record demonstrates that there is no dispute concerning facts necessary to a resolution of the first ground of the objection. That issue is whether the notice given by Gray is sufficient to bar Murray's late-filed claim under the Bankruptcy Act of 1898, as amended.

Given the facts of Gray's uncontradicted affidavit and the long-standing relationship of the parties, which is evident throughout the record, the court finds that Murray had actual knowledge of Gray's bankruptcy filing in time to prove his claim and to avail himself of an equal opportunity with other creditors to participate in the administration of the estate. The notice to Murray and his resultant knowledge of the petition is sufficient to satisfy the provisions of the Bankruptcy Act. See 1A *Collier on Bankruptcy* ¶ 17.23[5] (14th ed. 1978).

█ With regard to whether Murray's claim was provable, § 63a(8) of the Bankruptcy Act provides that "contingent debts and contingent contractual liabilities" are claims which are provable in bankruptcy. A contingent claim has been defined as "one as to which it remains uncertain, at the time of the filing of the petition in bankruptcy, whether or not the bankrupt will ever become liable to pay it". *In re*

*Serignese*, 214 F.Supp. 917, 920 (D.Conn. 1963), *quoting In re Munsie*, 32 F.2d 304 (D.Conn.1929), *rev'd* 33 F.2d 79 (2nd Cir. 1929).

Upon default in payment of the withholding taxes, Murray became personally liable. This liability was subject to the contingency of whether Gray would ultimately be responsible for the payment of the taxes. Thus, the tax liability was a "contingent debt" within the provisions of § 63a(8) of the Bankruptcy Act. The amount of the Internal Revenue Service's claim was ascertainable at all times and it was in fact assessed against Murray approximately one month after Gray's bankruptcy filing. The provisions of § 57d of the Bankruptcy Act are applicable since the debt was capable of liquidation without undue delay. Murray had the duty to file a proof of claim for the amount of the withholding taxes due plus interest prior to the bar date, and his failure to do so is not excusable.

The law is well settled in this Circuit that time limitations for filing proofs of claim are to be strictly construed. *In re Pigott*, 684 F.2d 239 (3rd Cir.1982). As stated in *Pigott*, even when the equities have weighed strongly in favor of extending the time period, the court has consistently upheld the strict time limits. *See Pigott*, 684 F.2d at 243.

█ Bankruptcy Rule 12–33 does provide that the court may, at any time while a case is pending, permit the filing of a proof of claim for taxes owing to the United States at the time of the filing of the petition which had not been assessed prior to the date of confirmation of the plan, but which are assessed within one year after the petition filing date. Here, the taxes were not assessed against Gray, but were assessed against Murray approximately one month after the filing of Gray's petition in bankruptcy. Even assuming *arguendo* that Bankruptcy Rule 12–33 is applicable to this post-petition tax claim, this court will not extend the bar date more than six years. To grant such a long extension of time would be an injustice. An efficient system of bankruptcy administra-

**48**

tion depends upon promptness in the filing of proofs of claim. 3 *Collier on Bankruptcy* ¶ 57.27[1] (14th ed. 1978).

In light of the strictly construed time-limitations for filing claims, the other issues are not pertinent to this court's determination that Gene A. Murray's proof of claim no. 63 is DISALLOWED.