**In re MANUFACTURERS ACCEPT-ANCE CORP., Debtor.**

**MANUFACTURERS ACCEPTANCE CORP., Plaintiff,**

v.

**CARIBANK CORPORATION, Defendant.**

**Bankruptcy No. 86–02737–BKC–TCB.**
**Adv. No. 86–0726–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 27, 1988.

Benson, Stalions & Moyle, William C. Stalions, Patricia Dzikowski, Ft. Lauderdale, Fla., for Caribank; Sparber, Shevin, Shapo & Heilbonner, P.A., Charles H. Lichtman, Glenn J. Waldman, Miami, Fla., co-counsel.

Reggie David Sanger, Kim Douglas Sherman, co-counsel, Ft. Lauderdale, Fla., for plaintiff.

## ORDER OF ABSTENTION

THOMAS C. BRITTON, Chief Judge.

This adversary complaint has been pending 14 months. On November 17, 1987 District Judge Hoeveler remanded the matter to this court "as a 'related to' proceeding", having held on interlocutory appeal that this was a non-core proceeding, rather than a core proceeding as had been previously held by my colleague, Judge Weaver, in his order of January 13, 1987. The effect of this decision, of course, is that any decision rendered in this court is subject to de novo review in the district court. 28 U.S.C. § 157(c)(1).

On January 11, Judge Weaver transferred this adversary proceeding to me to be tried on February 11. (CP 91).

The parties were before me on January 25 upon the motions of the defendant, who had been the successful appellant in the district court, upon its motions to set a pretrial conference and to reset the trial date. (CP 92, 96). At the hearing, defendant moved ore tenus that this court sever the issues in counts I through IV, abstain from hearing those issues and modify the automatic stay in order that those issues may immediately be presented to the State court for resolution in that court by a judge and jury. Jury trial in this court had previous been denied by Judge Weaver. (CP 13). Plaintiff has no objection.

Judge Hoeveler in his order of November 17 had also considered both mandatory and discretionary abstention under 28 U.S.C. § 1334(c)(1) and (2). Mandatory abstention is not applicable to a non-core proceeding. 28 U.S.C. § 157(b)(4). Judge Hoeveler held that discretionary abstention is permitted but "should be exercised sparingly and cautiously" and "in this case, neither mandatory nor discretionary abstention by this court is warranted."

The parties advise me that *both* parties and Judge Weaver (who are, of course, well familiar with the background of this case) do not believe that Judge Hoeveler intended to preclude consideration of severance and abstention as proposed in this motion.

The basis for severance and abstention, in this instance, would appear to be persuasive if not compelling. Counts I through IV are based exclusively on the common law of Florida. They seek compensatory and punitive damages for an alleged tortious breach of the defendant's obligations under a 1984 "Dealer Agreement" under which defendant, as lender, would provide financing of chattel paper for the purchase of automobiles by consumer borrowers, with the debtor/plaintiff acting as an intermediary.

Defendant has demanded trial by jury with respect to these issues and, at least arguably, defendant is entitled to trial by jury. There is serious question whether this court may, under any circumstances, conduct a jury trial. Assuming that it may do so, it is questionable whether justice would be served by this court's undertaking to conduct a jury trial under circumstances where either party may request trial de novo from the District Court, or refusing trial by jury recognizing that such a decision would lead with certainty to an appeal which could cause retrial of the entire matter.

The legal issues presented in the remaining counts, counts V through VIII are exclusively federal in nature, arise completely under the Bankruptcy Code, 11 U.S.C. §§ 542, 547 and 548 and the measure of damages in each instance would be a sum certain. The relevant facts with respect to both liability and damages would be completely undisputed or disputed only in the sense that the parties place a different legal interpretation on the pertinent events.

The proof pertinent to counts V through VIII overlaps the proof pertinent to counts I through IV to a minor extent. This is so because the amounts involved which constitute a part of the compensatory damages under counts I through IV are but a small fraction of plaintiff's claims and because the remaining issues involved in counts I through IV turn on facts which are heavily and almost completely disputed.

If either party were demanding a trial in this court as to all eight counts, subject to probable de novo review by the District Court, or if either party suggested any respect in which the litigants would be prejudiced by severance and abstention, I would be hesitant to give the matter further thought. Under the foregoing circumstances, I believe it sufficiently likely that Judge Hoeveler would concur with the parties' joint request as being in the interest of justice.

Therefore, under the discretion granted to the district court in 28 U.S.C. § 1334(c)(1) and the delegation of that discretion by the District Court in this District to this court in its Order of Reference entered July 11, 1984 pursuant to 28 U.S.C. § 157(a), this court abstains from consideration of counts I through IV, which counts are hereby severed from the remaining allegations in the Second Amended Complaint (CP 31) now pending before the court. In addition, pursuant to 11 U.S.C. § 362(d), the automatic stay is modified to permit either party to present those issues in the appropriate State court and to permit both parties to litigate those issues to conclusion in that court, retaining jurisdiction in this court solely with respect to the enforcement of any judgment or decree thus obtained, pending further proceedings in the debtor's pending chapter 11 reorganization.

Unless advised to the contrary, this court will assume that the parties have stipulated that all discovery heretofore conducted in this court may be available for consideration in the State court with like effect as if such discovery had been commenced in that court.

By separate order, defendant's motions for pre-trial conference and continuance of the trial are denied.