In re John SMITH and Maxine Smith, Debtors.

Robert BERRYMAN, et ux., et al., Plaintiffs,

v.

John SMITH, et ux., et al., Defendants.

Bankruptcy No. B–85–3921–PHX–RGM. Adv. No. 86–597.

United States Bankruptcy Court, D. Arizona.

March 23, 1988.

Allan D. NewDelman, Phoenix, Ariz., for debtors/defendants Smith.

Brenda K. Warneka, Jerome P. Skyrud, Phoenix, Ariz., for plaintiffs Berryman.

Michael L. Green, Sean D. Clancey, Weltsch, Santerre, Vande Krol & Green, Scottsdale, Ariz., for defendants Trivestcor and Moss.

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR JURY TRIAL

ROBERT G. MOOREMAN, Chief Judge.

### FACTS

This action arises out of the Berrymans' (plaintiffs') attempted purchase from the Smiths (debtors), of a "Bar and Grill" as well as other real property (the property), located in Phoenix, Arizona. In order to sell the property, the debtors were first required to exercise an option to buy certain land in which they possessed a leasehold interest. Their failure to exercise this option prevented the debtors from conveying good title to the plaintiffs. Approximately 3 months after having ostensibly closed escrow, the plaintiffs took possession of the property, but were later forced to vacate the premises and forfeit the money they had given as a down-payment as well as expenses incurred in renovating the subject property. On December 17, 1985, the Smiths filed their Chapter 13 petition. Subsequently, however, the case was converted to Chapter 7.

The essence of the underlying complaint is that the debtors misrepresented certain facts surrounding the transfer of the property and their ability to convey good title. The complaint seeks an award for compensatory and punitive damages. Additionally, plaintiffs seek to have the claim declared nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code. Finally, the complaint sets forth a request for a jury trial. The plaintiffs filed a *Motion for Ruling on Demand for Jury Trial,*

whereupon a hearing was held on the motion and this matter was taken under advisement.

## ISSUE

The issue before this Court is whether a bankruptcy court may conduct a jury trial on a complaint seeking to recover money damages and to have the claim declared nondischargeable.

## DISCUSSION

Whether a bankruptcy court has the jurisdiction to conduct a jury trial has been a source of controversy and dispute for several years. A primary reason for the controversy has been the continuing evolution of the bankruptcy process and procedure which has undergone substantial modification since 1898. One principal area which has undergone a significant transformation is the jurisdiction of the bankruptcy court.

In 1982, the landmark case of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), was decided by the U.S. Supreme Court. Essentially, this case declared unconstitutional, the powers of Article III judges being conferred upon Article I bankruptcy judges. With regard to jury trials, at least one Bankruptcy Court has stated, "[b]ut for *Marathon,* there would be no question but that the bankruptcy court had the necessary statutory authority to conduct jury trials." *In re Adams, Browning & Bates, Ltd.*, 70 B.R. 490, 496 (Bankr.E.D.N.Y.1987).

Because bankruptcy judges are not vested with Article III powers, the right to a jury trial in the bankruptcy court must be derived from one of two sources: first, by statutory creation; or second, from the Seventh Amendment. *See e.g. Katchen v Landy*, 382 U.S. 323, 336–37, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966); *In re Astrocade, Inc.*, 79 B.R. 983, 989–91 (Bankr.S.D. Ohio 1987); *In re NTW Inc.*, 69 B.R. 656, 658 (Bankr.E.D.Va.1987); *Matter of Reda*, 60 B.R. 178, 179–80 (Bankr.N.D.Ill.1986);

*In re O'Bannon,* 49 B.R. 763, 765 (Bankr. M.D.La.1985).

## STATUTORY AUTHORITY

Subsequent to *Marathon,* an Emergency Rule of Reference was promulgated by the Judicial Conference and adopted by the District Courts. *See In re Landmark,* 42 B.R. (Special Section) 51, 55 (9th Cir. 1984) (opinion withdrawn, 742 F.2d 1166).[1] The Emergency Rule prohibited the bankruptcy court from conducting jury trials until the appropriate legislation resolving the issue could be enacted. *American Universal Insurance Company v. Pugh,* 821 F.2d 1352, 1354 (9th Cir.1987). In response to *Marathon,* Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA). Prior to BAFJA, 28 U.S.C. § 1480 allowed for jury trials in the bankruptcy court. However, BAFJA provided for jury trials only in limited situations. 28 U.S.C. § 1411; *In re O'Bannon,* 49 B.R. at 767; *cf. In re Price–Watson Co.*, 66 B.R. 144, 154 (Bankr.S.D. Tex.1986) (indicating that the Congressional intent with regard to § 1411 was merely to "supplement" the language of § 1480).

28 U.S.C. § 1411 reads as follows:

(a) Except as provided in sub-section (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under § 303 of title 11 to be tried without a jury.

There are essentially two views on the effect of § 1411. The first, that espoused in *In re Price–Watson Co.*, supra, is that § 1480 was never repealed and that § 1411 merely supplements and further defines the right to a jury trial as permitted in § 1480. The second view, and the one adopted by this court, is that § 1411 is declaratory of the right to a jury trial on a

---

1. The Ninth Circuit's Discusion regarding the Emergency Rule of Reference arose out of *In re*   *Landmark,* 27 B.R. 273 (Bankr.D.Ariz.1983).

"limited class of contingent tort claims." *In re Mark Jay Kaufman, P.A.*, 78 B.R. 309, 311 (Bankr.N.D.Fla.1987) (quoting *In re Morse Electric Company, Inc.*, 47 B.R. 234 (Bankr.N.D.Ind.1985)). *See also* Bankr. Rule 9015 Advisory Committee Note (1987) (stating that § 1480 has been *repealed* and that § 1411 affords a jury trial *only* for personal injury or wrongful death claims, which 28 U.S.C. § 157(b)(5) requires to be tried in the district court) (emphasis added). It follows then that "[s]ince § 1411(a) states that it does not affect jury trial rights for personal injury or wrongful death claims, presumably it does affect (and eliminate by exclusion) such rights regarding *other claims*." *In re O'Bannon*, 49 B.R. at 769 (emphasis added). The plaintiffs' § 523(a)(2)(A) nondischargeability claims are neither personal injury tort claims, nor claims for wrongful death. Therefore, no statutory authority exists to enable this Court to grant a jury trial.

■ The argument that the bankruptcy court is empowered to conduct a jury trial also requires consideration of the recent abrogation of Bankruptcy Rule 9015.[2] One bankruptcy court, in reference to the abrogation of the rule, stated:

[i]t is my understanding that the purpose of [the abrogation] is not to negate such jury trials but to leave to court determination whether a Bankruptcy Court can preside over jury trials under law. In other words the intent in abrogating current Rule 9015, is not to infer that such jury trial is not proper, but rather to allow the issue to be developed in a different way, i.e. by case decision.

*In re Price–Watson Co.*, 66 B.R. at 159.

In setting forth the effect of the abrogation of BR 9015, the Advisory Committee Note to the 1987 Bankruptcy Rules states as follows:

Former Section 1480 of title 28 preserved a right to trial by jury in any case or proceeding under title 11 in which jury trial was provided by statute. Rule 9015 provided the procedure for jury trials in bankruptcy courts. Section 1480 was repealed. Section 1411, added by the 1984 amendments, affords a jury trial only for personal injury or wrongful death claims, which 28 USC § 157(b)(5) requires be tried in the district court. Nevertheless, Rule 9015 has been cited as conferring a right to jury trial in other matters before bankruptcy judges. In light of the clear mandate of 28 USC § 2075 that the "rules shall not abridge, enlarge, or modify any substantive right," Rule 9015 is abrogated. *In the event the courts of appeals or the Supreme Court define a right to jury trial in any bankruptcy matter, a local rule in substantially the form of Rule 9015 can be adopted pending amendment of these rules.*

Bankruptcy Rule 9015 Advisory Committee Note (1987) (emphasis added).[3] This Court

---

**2.** Because of the general uncertainty as to the status of jury trials in bankruptcy courts, Bankruptcy Rule 9015 was abrogated as of March 30, 1987, by a Supreme Court Order effective August 1, 1987.

The interpretation and effect which courts had given Bankruptcy Rule 9015 was in no way uniform. Compare *In re NTW Inc.*, 69 B.R. at 661 (recognizing that the issue of whether Rule 9015 provided a right to a jury trial "has yet to be answered in a comprehensive manner"), with *In re Lombard–Wall, Inc.*, 48 B.R. 986, 992 (Bankr.S.D.N.Y.1985) (which determined that "the Supreme Court provided for jury trials under Bankruptcy Rule 9015 and this Court declines to find that the Supreme Court would promulgate meaningless rules"). *See also In re Proehl*, 36 B.R. 86, 87 n. 4 (Bankr.W.D.Va.1984) (finding that BR 9015 "merely implement[s] a statutorily or constitutionally conferred right to a jury trial *if one exists*") (emphasis added).

**3.** A similar view as to the effect of the abrogation of Bankruptcy Rule 9015 is as follows:

The Committee in its notes indicates that inasmuch as former 28 USC § 1480 preserved the right to trial by jury in any bankruptcy case or proceeding, when that section was repealed there was no longer a justification to have a Rule dealing with the procedure governing jury trials in bankruptcy matters. Consequently, the Rule which implemented § 1480, former Rule 9015 also had to be abrogated. BAFJA (Pub L No. 98–353) only deals with the question of a jury trial in 28 USC § 1411, affording a right to a jury trial *only* in personal injury or wrongful death actions. *Inasmuch as 28 USC § 157(b)(5) expressly provides that such actions be tried by the District Court, it was the Committee's view that there is no need to provide a Rule dealing with the subject of jury trials in bankruptcy cases.*

agrees with and adopts the above comment.

## SEVENTH AMENDMENT

■ Although the Supreme Court has not yet defined a right to a jury trial in any bankruptcy matter (*see Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966)), the Court of Appeals for the Ninth Circuit has recently issued an opinion which sheds some light on the matter. *American Universal Insurance Company v. Pugh*, 821 F.2d 1352 (9th Cir.1987). In *Pugh*, the Ninth Circuit held that whenever the underlying claim is equitable in nature, there is no right to a jury trial in the bankruptcy court. The plaintiffs, however, argue that because their complaint seeks an award for damages, this case involves a legal proceeding rather than one in equity. Accordingly, the plaintiffs argue that they are entitled to a trial by jury pursuant to the Seventh Amendment.

The Seventh Amendment to the United States Constitution reads as follows:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

From this point there are two lines of authority which have emerged with respect to whether a bankruptcy court may grant a jury trial.

One line of cases relying in the main on *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), and its predecessor, *Barton v. Barbour*, 104 U.S. (14 Otto) 126, 26 L.Ed. 672 (1881), takes the position that *all proceedings* in the bankruptcy courts are inherently equitable and therefore, that there exists no right to a trial by jury in that court, *whatever the cause of action pleaded in the complaint.*

*In re Adams, Browning & Bates, Ltd.*, 70 B.R. at 494 (emphasis added). *See also Pugh*, 821 F.2d 1352 (9th Cir.1987); *In re*

*O'Bannon*, 49 B.R. 763; *Matter of Reda*, 60 B.R. 178.

A contrary line of authority, asserted by the plaintiffs, essentially espouses the belief that *Katchen* has been read "overly broad." *M & E Contractors v. Kugler–Morris General Contractors*, 67 B.R. 260 (Bankr.N.D.Tex.1986). The plaintiffs argue that many of the cases which cite *Katchen* "proceeded along a faulty line of reasoning." (Plaintiffs' motion at p. 9).

This Court expressly rejects this view and reaffirms the validity of *Katchen*. Although *Katchen* was decided under the 1898 Act, the continuing validity of its holding has been recently confirmed by the Supreme Court in *Commodities Futures Trading Commission v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 3258, 92 L.Ed.2d 675 (1986). *See also In re Adams, Browning & Bates, Ltd.*, 70 B.R. at 495 (stating, "[t]hat *Katchen v. Landy* remains good law, despite a footnote questioning its authority in *Marathon*, is shown by its recent invocation as precedent by the Supreme Court in sustaining the jurisdiction of the Commodities Future Trading Commission over state law counterclaims in reparation proceedings.").

*Katchen* involved a preference action in which the issue was whether a bankruptcy court has summary or plenary jurisdiction. Under the Bankruptcy Act of 1898, jury trials were not required in a summary proceeding, while in plenary proceedings, jury trials were required. *See In re Energy Resources Co., Inc.*, 49 B.R. 278, 281 (Bankr.D.Mass.1985). In *Katchen*, the Trustee had counterclaimed against a bank, alleging that two voidable preferences had been paid. The petitioner argued that if summary jurisdiction were exercised to recover the preferences, this would violate his Seventh Amendment right to a jury trial. The Court rejected this argument and concluded that a bankruptcy court in summary proceedings may "inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or claim against the estate is based." *Katchen*, 382 U.S. at 329, 86 S.Ct. at 472

Comment (1987) (emphasis added).

(citing *Lesser v. Gray*, 236 U.S. 70, 74, 35 S.Ct. 227, 228, 59 L.Ed. 471 (1915)).

Some courts continue to analyze whether the bankruptcy court may conduct a jury trial by resorting to the summary/plenary determination. *See In re Energy*, 49 B.R. at 281; *In re Portage Associates*, 16 B.R. 445, 447 (Bankr.N.D.Ohio 1982). However, "the recent trend has been to abandon this summary/plenary distinction in favor of deciding whether a litigant is entitled to a jury trial based on the nature of the cause of action (i.e., is the cause of action one of law or equity)." *Pugh*, 821 F.2d at 1355 (citations omitted). The equity/law test adopted by the Ninth Circuit in *Pugh* has also been adopted by several bankruptcy courts. *See Matter of Reda*, 69 B.R. 178; *In re Adams, Browning & Bates*, 70 B.R. 490.

Under the equity/law test as enunciated in *Pugh*, a court must examine three factors in order to decide whether the overall character of an action is equitable or legal. First, how would the action have been characterized prior to the merger of the once separate law and equity courts. Second, is the remedy sought equitable or legal. Third, in a practical manner, what are the limitations on juries and their abilities. *Pugh*, 821 F.2d at 1355.

In the instant case, the plaintiffs argue that their claim is legal in nature because they seek "money damages for fraud." Plaintiffs' motion at p. 6. This Court disagrees with the plaintiffs' characterization of the type of relief requested. Essentially, the plaintiffs attempt to characterize this proceeding as an action for fraud but this overlooks the fact that the fraud action was asserted in a discharge proceeding. There is no such thing as a "fraud action" in bankruptcy court when it is coupled with a nondischargeability claim.

In *Katchen*, the Supreme Court stated that bankruptcy courts "are essentially courts of equity." *Katchen*, 382 U.S. at 327, 86 S.Ct. at 471. Moreover, the claim in this case is being asserted as a complaint to have a certain debt declared nondischargeable pursuant to § 523(c) of the Bankruptcy Code. The nature of a discharge hearing is equitable. *E.g. In re Jake's On the Pike*, 78 B.R. 461, 463 (Bankr.E.D.Va.1987). Whether a claimant seeks a discharge or objects to a discharge, the character of the hearing remains equitable and "[w]here monetary relief must necessarily be a part of the equitable remedy, the case remains equitable in nature." *Pugh*, 821 F.2d at 1356. The fact that the plaintiffs have asked for monetary damages does not change the equitable nature of this proceeding.

Applying the third factor to the circumstances before this Court, there is one pervasive limitation on allowing jury trials in the bankruptcy setting. In *Katchen*, the Supreme Court made several references to the "expeditious" nature of the bankruptcy courts. Congress "gave special attention to the subject of making [the bankruptcy laws] inexpensive in [their] administration." *Katchen*, 382 U.S. at 328, 86 S.Ct. at 472 (citations omitted). Further, *"a chief purpose* of the bankruptcy laws is 'to secure a *prompt and effectual administration and settlement of the estate of all bankrupts within a limited period.'"* *Id.* (emphasis added). The Supreme Court also recognized that bankruptcy courts were to dispose of cases "without regard to usual modes of trial attended by some necessary delay" and that "a basic importance in the administration of a bankruptcy estate is to be exercised in summary proceedings and not by the slower and more expensive processes of a plenary suit." *Katchen*, 382 U.S. at 329, 86 S.Ct. at 472 (citations omitted).[4]

The above references reflect the opinion of the Supreme Court that if the expeditious nature of the bankruptcy court is to

---

4. Statistics compiled by the administrative office for the bankruptcy court for the Phoenix (which includes Tucson) division, reveals that at this time, Arizona ranks third nationally in percentage increase in filings. However, Arizona ranks first in pending caseload with the largest increase in the nation at 56.7%. If the bankruptcy court were to grant a jury trial every time one was requested, the pending caseload would be staggering and unmanageable. These statistics are also the trend nationwide.

be preserved, then a jury trial need only be granted where there is a statutory right. The clear language of 28 U.S.C. § 1411 evidences no such right in the instant case. Given the nature of the proceeding before this Court as well as the policies recognized by the Supreme Court, the plaintiffs have failed to establish the authority for this Court to afford them a jury trial.

## CORE PROCEEDINGS

█ Core proceedings are defined in § 157(b)(2). "In general, any matter that arises directly in a bankruptcy case under bankruptcy law is a core proceeding; any matter that arises under non-bankruptcy law and happens to be of issue in a bankruptcy case merely because one of the parties to the dispute is the debtor in the bankruptcy case usually is a non-core proceeding." [5] *Matter of Reda*, 60 B.R. at 181. A core proceeding has been defined by the Ninth Circuit as a proceeding which "relates directly to the restructuring of the relationship between a debtor and its creditors." *In re Mankin*, 823 F.2d 1296, 1309 (9th Cir.1987). This is also true, even though "the right at issue ... *derives from state law*." *Id*. As in the instant case, the issue of whether a certain debt can be declared nondischargeable clearly relates to the restructuring of the debtor creditor relationship. Further, "determinations as to the dischargeability of particular debts" are expressly set forth in 28 U.S.C. § 157(b)(2)(I) as being core proceedings and where no jury trial is mandated. As a general rule, core proceedings are matters that have been traditionally and historically heard by the bankruptcy court. *See In re Mankin*, 823 F.2d 1296. Further, jury trials have traditionally not been permitted in core proceedings. *E.g. In re I.A. Durbin, Inc.*, 62 B.R. 139, 145 (S.D.Fla.1986).

The right to have a debt held nondischargeable under the Bankruptcy Code is clearly a congressionally created right. The Supreme Court has recognized that:

> when Congress creates a statutory right, it clearly has the discretion, in defining that right, to ... *prescribe remedies;* it may also provide that persons seeking to vindicate that right *must do so before particularized tribunals created to perform the special adjudicative tasks related to that right.*

*Marathon*, 458 U.S. at 83–84, 102 S.Ct. at 2877–2878 (emphasis added); *see also In re Mankin*, 823 F.2d at 1305. In this regard, several bankruptcy courts have recognized that there is no right to a jury trial in a proceeding to determine the dischargeability of a claim. *E.g. In re Lee*, 50 B.R. 683, 684 (Bankr.D.Md.1985); *In re Hallahan*, 78 B.R. 547, 552–553 (Bankr.C.D.Ill.1987).

Without Congressional allowance for jury trials in core proceedings, and given the recognized importance for expeditious administration of bankruptcy cases, this Court finds no authority for allowing the plaintiffs a jury trial in this matter.

Accordingly, IT IS ORDERED denying the plaintiffs' motion for a jury trial.

Pursuant to F.R.Civ.P. 52, as adopted by Rule 7052 of the Rules of Bankruptcy Procedure, this opinion and order shall constitute findings of fact and conclusions of law and the final order thereon.

---

5. 28 U.S.C. § 157(c)(1–2) permits a bankruptcy judge to hear a proceeding which is not a core proceeding. The bankruptcy judge after hearing the matter then submits his proposed findings of fact and conclusions of law to the district court to be reviewed de novo, provided all parties involved, consent. It is important to point out that once the parties consent, "the district court ... may refer a proceeding related to a case under title 11 to a bankruptcy judge...." 28 U.S.C. § 157(c)(2). The bankruptcy judge has discretion whether to hear the non-core proceeding if it is otherwise related to a case under Title 11. *E.g. In re Mankin*, 823 F.2d at 1305; *In re Capla Oil & Gas Co.*, 46 B.R. 317 (Bankr.W.D.La.1985).