In the Matter of John W. ZARLING a/k/a John William Zarling a/k/a John Zarling a/k/a John A. Zarling, Debtor.

Robert F. BRAUN, Charles Dodge, Christine Dodge, Wayne Basler, Kaye Wickstrom and Lenard G. Darvial, Plaintiffs,

v.

John W. ZARLING, Defendant.

Bankruptcy No. 84–00616.
Adv. No. 84–0219.

United States Bankruptcy Court,
E.D. Wisconsin.

May 4, 1988.

---

Gaar Steiner, Milwaukee, Wis., for plaintiffs.

Joseph W. Weigel, Milwaukee, Wis., for defendant.

## DECISION

RUSSELL A. EISENBERG,
Bankruptcy Judge.

All parties are requesting a trial by jury on all issues raised in the complaint and in the counterclaim.

The four causes of action in the complaint in this adversary proceeding comprise objections to discharge and the dischargeability of the plaintiffs' claims and are founded upon: (1) § 727(a)(4); (2) § 727(a)(5); (3) § 523(a)(2)(A); and (4) § 523(a)(6). The two causes of action in the counterclaim are founded upon: (1) negligent and/or intentional misrepresentation; and (2) civil conspiracy.

The causes of action in the complaint arise pursuant to the Bankruptcy Code ("Code") and are core proceedings. The counterclaims are based exclusively on the common law of Wisconsin and are non-core. See 28 U.S.C. § 157(b)(2).

The right to a jury trial may arise either from the seventh amendment to the United States Constitution or from the statute which authorized the suit. *In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1348 (11th Cir.1988). The seventh amendment does not require a jury trial in a core proceeding. See *In re Harbour*, 840 F.2d 1165, 17 BCD 369 (4th Cir.1988) and *In re Chase & Sanborn Corp.* at 1349. The pertinent sections of the Bankruptcy Code ("Code") do not provide for a jury trial on the issues raised in the complaint. 28 U.S.C. § 1411 provides for jury trials only in personal injury or wrongful death suits.

There is no absolute right to a jury trial in all cases. There is no right to a jury trial in actions to recover fraudulent conveyances. *In re Chase & Sanborn Corp.* at 1348. (Cited cases omitted). There is no right to a jury trial in a trustee's action to recover a voidable preference. *Id.* (Cited cases omitted). There is no right to a jury trial in an action pursuant to 11 U.S.C. Secs. 543, 547, 548 and State law. *In re Harbour* at 1166–67, 17 BCD at 370. There is no right to a jury trial in a § 523(a)(2)(A) case, even when the amount of the debt is disputed and unliquidated. *In re Smith*, 84 B.R. 175 (Bankr.D.Ariz. 1988). There is no right to a jury trial in bankruptcy court in an "action ... essentially for fraud in the inducement on a promissory note," even though there was a right to a jury at common law. *In re Frantz*, 82 B.R. 835, 836 (Bankr.S.D.Tex. 1988). A request for monetary relief does not in and of itself permit a trial by jury. *In re Chase & Sanborn Corp.* at 1348–49. Actions that are legal for seventh amendment or other purposes become equitable when merged into bankruptcy proceedings, including a claim of debt or damages against a debtor, resulting in trials being to the court. *In re Harbour* at 1175, 17 BCD at 377. Where monetary relief must necessarily be a part of the equitable remedy, the case remains equitable in nature. *American Universal Insurance Co. v. Pugh*, 821 F.2d 1352, 1355 and 1356 (9th

Cir.1987). There is no right to a jury trial in the Tax Court. *Coleman v. Commissioner of Internal Revenue v. Secretary of the Treasury, et al.,* 791 F.2d 68, 71 (7th Cir.1986).

This does not imply that the law is settled. Paraphrasing Justice O'Connor writing in a different context, "... precedents in this area do not admit of easy synthesis ..." *Commodity Future Trading Commission v. Schor,* 478 U.S. 833, ——, 106 S.Ct. 3245, 3256, 92 L.Ed.2d 675, 690 (1986).

Informative analyses of the law are contained in *1 Norton Bankruptcy Law and Practice* Part 16, §§ 16.01–16.13 and in *1 Collier on Bankruptcy* 15th Edition ¶ 3.01[7] at 3-92—3-101. Neither *Norton* nor *Collier* comes to a definitive conclusion as to the right to a jury trial in bankruptcy court.

In a Bankruptcy *Act* case, the Seventh Circuit held that "such right [to a jury trial] has heretofore been recognized and presently exists only with respect to factual issues subsidiary to the question of dischargeability, but not for determination of the dischargeability question itself." *In re Swope,* 466 F.2d 936, 938 (7th Cir.1972). A detailed history of the right to a jury trial in bankruptcy court both before and after *In re Swope* was given in *In re Harbour, (supra)*, and it constitutes much of the decision. There is no need for this court to repeat the work of the Fourth Circuit Court of Appeals in the *In re Harbour* decision. As was stated in *In re Harbour*, since *In re Swope,* there have been important Supreme Court decisions, the Code and Bankruptcy Rules were adopted, and provisions of the United States Code pertaining to jury trials in bankruptcy courts were changed.

In *In re Manufacturers Acceptance Corp.,* 82 B.R. 155 (Bankr.S.D.Fla.1988) a party was demanding a jury trial on issues "based exclusively on the common law of Florida." The court held:

Defendant has demanded trial by jury with respect to these issues and, at least arguably, defendant is entitled to trial by jury. There is serious question whether this court may, under any circumstances, conduct a jury trial. Assuming that it may do so, it is questionable whether justice would be served by this court's undertaking to conduct a jury trial under circumstances where either party may request trial de novo from the District Court, or refusing trial by jury recognizing that such a decision would lead with certainty to an appeal which could cause retrial of the entire matter. *Id.* at 156.

The court exercised the discretion granted in 28 U.S.C. § 1334(c)(1) and abstained from hearing the causes of action based exclusively on State law.

A State Circuit Court lawsuit (Winnebago County case number 83–CV–284) was commenced prepetition by the plaintiffs in this adversary proceeding against the debtor and other defendants, and it is still pending. The issues raised in this adversary proceeding are identical to the issues in the State court action with two exceptions: (1) whether any debt of the defendant to the plaintiffs is dischargeable in bankruptcy, and (2) whether the defendant is entitled to a discharge in this case.

The State court can expeditiously rule on both the non-core matters in the counterclaim and the core matter in the complaint regarding the existence of a debt. The parties will not have to start over in State court, and there will be no duplication of effort in State court. A jury trial is available in State court. By proceeding in State court an appeal from this court on issues pertaining to the right to a jury trial can be avoided.

For the reasons previously indicated, in the interest of comity with State courts, in respect for State law, and in the best interest of the parties, pursuant to 28 U.S.C. § 1334(c)(1) this court is exercising its discretionary powers to abstain from hearing the non-core proceedings and the core proceedings pertaining to the determination of the existence of a debt from the defendent to the plaintiffs.

Pursuant to 11 U.S.C. § 362(d), the automatic stay is modified to permit all parties to litigate those issues to conclusion in the State court action. The parties are directed to return to the State court of Winneba-

go County, Wisconsin, for a determination of all issues pending in that court. In the event the plaintiffs are successful in the State court action, the parties may return to this court for a determination of the issue of the dischargeability of that debt. A hearing on the issue of dischargeability will then be scheduled. The causes of action pertaining to the denial of the defendant's discharge shall proceed to trial in this court, and the trial shall be to the court.

An Order consistent with this Decision will be signed and entered.